■ DAVID SACHS, Individually and as Administrator of the Estate of SHEILA SACHS, Deceased, Respondent-Appellant, v NASSAU COUNTY et al., Appellants-Respondents, and PETER KONG-WAH CHAK et al., Respondents.—In an action to recover damages for wrongful death and conscious pain and suffering, the defendants Nassau County and Nassau County Medical Center appeal from so much of a judgment of the Supreme Court, Nassau County (Velsor, J.), entered March 8, 1988, as, upon a jury verdict finding them 15% at fault with respect to the plaintiff's cause of action to recover damages for pain and suffering, is in favor of the plaintiff and against them in the principal sum of $150,000, and the plaintiff has filed a notice of cross appeal from the judgment.

Ordered that the cross appeal is dismissed, for failure to perfect the same in accordance with the rules of this court (see, 22 NYCRR 670.20 [d], [f]; Cooper v Bosse, 85 AD2d 616); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Because causation is always a difficult issue in a medical malpractice case (see, Matott v Ward, 48 NY2d 455, 461-462; Mertsaris v 73rd Corp., 105 AD2d 67, 82), "it bears emphasiz-

ing that to establish a prima facie case a plaintiff need not eliminate entirely all possibility that a defendant's conduct was not a cause. It is enough that he offer sufficient evidence from which reasonable men might conclude that it was more probable than not that the injury was caused by the defendant" *(Mertsaris v 73rd Corp., supra,* at 83). In a wrongful death case the plaintiff is not held to the high degree of proof required in a case where the injured person may take the stand and give evidence *(see, Noseworthy v City of New York,* 298 NY 76, 80) and is entitled to the benefit of every favorable inference which can be reasonably drawn from the evidence in determining whether a prima facie case has been made out *(Juiditta v Bethlehem Steel Corp.,* 75 AD2d 126).

The appellants do not deny they committed medical malpractice in failing to treat the plaintiff's decedent's symptoms following her admission to their emergency facilities. Instead, they claim that the evidence supported a finding that this failure did not cause her to suffer additional pain and suffering. However, the jury was not bound to accept the appellants' expert's testimony that the treatment they provided alleviated the decedent's pain. The plaintiff's expert testified that the decedent was severely dehydrated upon admission and this condition was not properly treated. While the experts did not testify as to the extent that this failure increased the plaintiff's decedent's pain and suffering, the jury did not need such expert testimony but could use their "common sense and good judgment" and draw on "their common knowledge and general experience" *(Paley v Brust,* 21 AD2d 758). Pain and suffering could be reasonably inferred from the medical evidence presented, as well as the fact that the husband testified that he observed his wife in pain following her admission to the Nassau County Medical Center *(see, DeLong v County of Erie,* 89 AD2d 376). Therefore, it cannot be said that there is simply "no valid line of reasoning and permissible inferences" to support the jury's conclusion that the defendants' malpractice caused the decedent further pain and suffering up to the time of her death *(Cohen v Hallmark Cards,* 45 NY2d 493, 499).

Moreover, the jury's determination as to causation with respect to the pain and suffering cause of action was supported by a "fair interpretation of the evidence" *(Nicastro v Park,* 113 AD2d 129, 134). Mangano, J. P., Bracken, Kunzeman and Eiber, JJ., concur.