■ Moon Ok Kwon et al., Respondents, v Luz A. Martin et al., Appellants, et al., Defendant. [799 NYS2d 63]—

In an action to recover damages for personal injuries, etc., the defendants Luz A. Martin and Eldorado Distributors, Ltd., appeal from a judgment of the Supreme Court, Queens County (Flug, J.), dated August 25, 2003, which, upon separate jury verdicts on the issues of liability and damages, inter alia, is in favor of the plaintiff Moon Ok Kwon and against them in the principal sum of $449,000 and is in favor of the plaintiff Brian Kwon and against them in the principal sum of $110,000.

Ordered that the judgment is reversed, on the law, and a new trial is granted on the issue of serious injury and damages if any, with costs to abide the event.

At the trial on the issues of damages and serious injury, the appellants attempted to elicit testimony from their expert witness, a medical doctor with a specialty in neurology, with respect to magnetic resonance imaging (hereinafter MRI) films which were introduced in evidence by the plaintiffs. The Supreme Court precluded the testimony on the ground that the doctor was not "a qualified radiologist." This was error. A physician need not be a specialist in a particular field to qualify as a medical expert and any alleged lack of knowledge in a particular area of expertise goes to the weight and not the admissibility of the testimony (*see Bodensiek v Schwartz*, 292 AD2d 411 [2002]; *Gordon v Tishman Constr. Corp.*, 264 AD2d 499, 502 [1999]).

The precluded testimony was necessary to rebut the testimony of the plaintiff's expert radiologist who expressed an opinion for

the first time at the trial that the conditions observed in the MRI films were caused by the accident. The plaintiffs' contention that the testimony was properly precluded on the ground that the defendants violated CPLR 3101 (d) (1) is without merit (*see Wagman v Bradshaw,* 292 AD2d 84, 87 [2002]).

The defendants' remaining contentions are either without merit or need not be addressed in light of our determination. Schmidt, J.P., Goldstein, Crane and Fisher, JJ., concur.