■ IWONA BORAWSKI, Appellant, v DAVID HUANG, Respondent. [824 NYS2d 362]—

In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Henry, J.), entered March 4, 2005, which, upon the granting of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case, dismissed the complaint.

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

To be awarded judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that, upon viewing the evidence in the light most favorable to the plaintiff, there is no rational process by which the jury could find for the plaintiff against the moving defendant (*see Godlewska v Niznikiewicz*, 8 AD3d 430, 431 [2004]; *Lyons v McCauley*, 252 AD2d 516, 517 [1998]; *Farrukh v Board of Educ. of City of N.Y.*, 227 AD2d 440, 441 [1996]; *Hughes v New York Hosp.-Cornell Med. Ctr.*, 195 AD2d 442, 443 [1993]). The plaintiff's evidence must be accepted as true, and the plaintiff is entitled to every favorable inference that can reasonably be drawn therefrom (*see Wong v Tang*, 2 AD3d 840 [2003]; *Farrukh v Board of Educ. of City of*

*N.Y., supra*). In order to establish a prima facie case in a medical malpractice action, where causation is almost always a difficult issue, a plaintiff need do no more than offer sufficient evidence from which a reasonable person might conclude " 'that it was more probable than not that the injury was caused by the defendant' " (*Sachs v Nassau County*, 151 AD2d 558, 559 [1989], quoting *Mertsaris v 73rd Corp.*, 105 AD2d 67, 83 [1984]; *see Hughes v New York Hosp.-Cornell Med. Ctr., supra* at 443-444). Where, as here, a failure to treat is alleged, the plaintiff simply must show that " 'it was probable that some diminution in the chance of survival had occurred' " (*Cavlin v New York Med. Group*, 286 AD2d 469, 470 [2001] quoting *Jump v Facelle*, 275 AD2d 345, 346 [2000]).

The plaintiff's expert gastroenterologist testified that the defendant doctor departed from the accepted standard of medical care by failing to refer the decedent to a gastroenterologist for an upper endoscopy in 1994, and that an endoscopy should have been done at this time to clarify the cause of the decedent's symptoms. He further testified that, to a reasonable degree of medical certainty, in 1994 a gastroenterologist could visualize early-stage gastric cancer through an endoscope. The plaintiff's expert oncologist testified that to a reasonable degree of medical certainty, the decedent's cancer existed in 1994 as stage one gastric cancer, and that a patient diagnosed with stage one gastric cancer in 1994 who had undergone a surgical resection and the removal of adjacent lymph nodes had a 65% to 90% chance of being cured. He further testified that by the time the decedent was diagnosed in 1997, he had stage three gastric cancer, and only a 10% chance of long-term survival. This testimony provided a rational basis for a jury to conclude that, had the defendant properly referred the decedent to a gastroenterologist for an endoscopy in 1994, the decedent's cancer would have been diagnosed at a time that would have afforded him a greater chance of survival. Accordingly, the Supreme Court erred in granting the defendant's motion for a directed verdict on the ground that the plaintiff failed to establish a prima facie case of causation.

The Supreme Court also erred in precluding the plaintiff's expert oncologist from testifying regarding whether the decedent's gastric cancer would have been visualized through an upper endoscopy in 1994. The fact that the expert was not a gastroenterologist went to the weight to be accorded his testimony, not its admissibility (*see Moon Ok Kwon v Martin*, 19 AD3d 664, 664 [2005]; *Beizer v Schwartz*, 15 AD3d 433, 434 [2005]; *Julien v Physician's Hosp.*, 231 AD2d 678, 680 [1996];

*Humphrey v Jewish Hosp. & Med. Ctr. of Brooklyn*, 172 AD2d 494, 494 [1991]). Crane, J.P., Ritter, Rivera and Lunn, JJ., concur.