■ CHAYEH FLEISHER et al., Appellants, v CITY OF NEW YORK, Respondent. [993 NYS2d 112]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (King, J.), entered May 23, 2012, which, upon the granting of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiffs' case, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

The injured plaintiff, and her husband suing derivatively, commenced this action against the City of New York to recover damages for injuries allegedly sustained by the injured plaintiff when she fell on a sidewalk in Brooklyn. The plaintiffs alleged that the accident was caused by a raised or uneven portion of the sidewalk and that the City had notice thereof pursuant to a map provided to the City by the Big Apple Pothole & Sidewalk Protection Committee (hereinafter the Big Apple map).

Just prior to trial, the Supreme Court granted those branches of the City's in limine motion which were to preclude the plaintiffs from presenting evidence that, as a result of the accident, the injured plaintiff acquired a "C-difficile" infection, her preexisting Crohn's disease was exacerbated, and she sustained mental or emotional injury. Thereafter, during the plaintiffs' case, the Supreme Court denied the plaintiffs' application to admit the Big Apple map through the testimony of Irvin Loewenstein, a former Director of Sidewalk Management, and former Director of the Prior Notification Unit of the City's Department of Transportation (hereinafter DOT), and denied the plaintiffs' application to qualify Loewenstein as an expert in Big Apple maps. At the close of the plaintiffs' case, the City moved pursuant to CPLR 4401 for judgment as a matter of law on the ground that the plaintiffs failed to establish, prima facie, that the City had prior written notice of the alleged sidewalk defect, as required by Administrative Code of the City of New York § 7-201 (c) (2). The Supreme Court granted the motion and entered judgment in favor of the City and against the plaintiffs dismissing the complaint. We reverse.

Administrative Code of the City of New York § 7-201 (c) (2) "limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location" (*Katz v City of New York*, 87 NY2d 241, 243 [1995]; *Daniels v City of New York*, 91 AD3d 699, 700 [2012] [internal quotation marks omitted]). "[P]rior written notice of a defect is a condition precedent which plaintiff is required to plead and prove to maintain an action against the City" (*Katz v City of New York*, 87 NY2d at 243). "Maps prepared by Big Apple Pothole and Sidewalk Protection Committee, Inc. and filed with the [DOT] serve as prior written notice of defective conditions depicted thereon" (*id*. at 243; *see Weinreb v City of New York*, 193 AD2d 596, 598 [1993]).

The Supreme Court erred in denying the plaintiffs' application to admit the Big Apple map into evidence. The map was relevant to the issue of whether the City had prior written notice of the claimed defect in the sidewalk that allegedly caused the injured plaintiff to fall. Moreover, the plaintiffs did not seek to admit the map for its truth, that is, whether the map accurately depicted the claimed sidewalk defect. Rather, they properly sought to admit it for the nonhearsay purpose of establishing that the City had notice of the alleged defect at least 15 days prior to the injured plaintiff's accident, as required by Administrative Code of the City of New York § 7-201 (c) (2).

Contrary to the City's contention, since the map as offered did not constitute hearsay, the plaintiffs were not required to establish that the map satisfied the requirements of CPLR 4518, the business records exception to the hearsay rule. Moreover, the testimony of Loewenstein, who worked with Big Apple maps on behalf of the DOT for many years, was sufficient to lay a proper foundation for the admission of the map. The Supreme Court also erred in denying the plaintiffs' application to qualify Loewenstein as an expert in Big Apple maps, since the plaintiffs demonstrated that he possessed the requisite "skill, training, education, knowledge or experience" from which it could be assumed that his opinion was reliable (*Schechter v 3320 Holding LLC*, 64 AD3d 446, 449 [2009], citing *Matott v Ward*, 48 NY2d 455, 459 [1979]).

Furthermore, the Supreme Court improvidently exercised its discretion in granting those branches of the City's motion in limine which were to preclude the plaintiffs from presenting evidence, including the expert testimony of Dr. Irving Friedman, that, as a result of the accident, the injured plaintiff acquired a "C-difficile" infection, her pre-existing Crohn's disease was exacerbated, and she suffered psychological injury. Contrary to the plaintiffs' contention, the motion was not an untimely motion for summary judgment, since the motion was seeking to preclude certain evidence as inadmissible (*compare Matter of Singer*, 99 AD3d 802 [2012]; *Ofman v Ginsberg*, 89 AD3d 908, 909 [2011]; *Brewi-Bijoux v City of New York*, 73 AD3d 1112 [2010]). However, the trial court's decision to exclude certain testimony by Dr. Friedman on the ground that the plaintiffs' expert disclosure pursuant to CPLR 3101 (d) failed to include "the substance of the facts and opinions upon which Dr. Friedman is expected to testify" was in error, since Dr. Friedman's report did state the basis of his opinions, albeit tersely. Moreover, the fact that Dr. Friedman is a neurologist and not a gastroenterologist or a physician with a specialty in infectious diseases goes to the weight to be accorded his opinions and not their admissibility (*see Borawski v Huang*, 34 AD3d 409, 410 [2006]; *Moon Ok Kwon v Martin*, 19 AD3d 664, 664 [2005]).

Similarly, the Supreme Court improvidently exercised its discretion in precluding the injured plaintiff from testifying about her alleged psychological injuries. The fact that the injured plaintiff failed to seek treatment for her alleged psychological injuries goes to the weight of her testimony and not to its admissibility.

The plaintiffs' remaining contention is not properly before this Court.

In light of the foregoing, we remit the matter to the Supreme Court, Kings County, for a new trial. Dillon, J.P., Hall, Austin and Duffy, JJ., concur.