Assunta v Rubin (2020 NY Slip Op 07847)





Assunta v Rubin


2020 NY Slip Op 07847


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-02864 
2019-10215
 (Index No. 7361/16)

[*1]Maria Assunta, etc., appellant, 
v
Daniel B. Rubin, etc., et al., defendants, James M. Liguori, etc., et al., respondents.


The Gucciardo Law Firm, PLLC, Mineola, NY (Paul L. LaClair of counsel), for appellant.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone and Lena Holubnyczyj of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered January 15, 2019, and (2) an order of the same court entered July 3, 2019. The order entered January 15, 2019, insofar as appealed from, granted the motion of the defendants James M. Liguori and James M. Liguori, Physician, P.C., for summary judgment dismissing the amended complaint insofar as asserted against them. The order entered July 3, 2019, denied those branches of the plaintiff's motion which were for leave to renew and reargue her opposition to the motion of the defendants James M. Liguori and James M. Liguori, Physician, P.C., for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the appeal from so much of the order entered July 3, 2019, as denied that branch of the plaintiff's motion which was for leave to reargue her opposition to the motion of the defendants James M. Liguori and James M. Liguori, Physician, P.C., for summary judgment dismissing the amended complaint insofar as asserted against them is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered January 15, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that the order entered July 3, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants James M. Liguori and James M. Liguori, Physician, P.C.
On July 20, 2015, Pasquale Morello, the plaintiff's husband, went to see the defendant James M. Liguori, a neurologist, for the first time. Liguori diagnosed Morello with a seizure disorder and continued a prescription of an antiseizure medication. Morello had return visits with [*2]Liguori on August 17, 2015, and October 8, 2015. Liguori's diagnosis remained the same.
Morello's fourth, and last, visit with Liguori took place on December 2, 2015. During that visit, Liguori administered what he called a test that showed that Morello had suffered memory loss. Based on this new information, Liguori ordered a number of blood tests to rule out various conditions that might have caused the memory loss. These included a "rapid plasma reagin" test to rule out syphilis.
Morello did not return to Liguori and, instead, went to see another neurologist. According to Morello's medical records, the plaintiff called Liguori on March 26, 2016, and, during the ensuing conversation, the plaintiff let Liguori know that Morello had not taken the blood tests and did not intend to. Morello's health continued to deteriorate, and in June 2016, he was diagnosed with neurosyphilis.
In October 2016, this medical malpractice action was commenced against, among others, Liguori and his professional corporation, the defendant James L. Liguori, Physician, P.C. (hereinafter together the Liguori defendants). The Liguori defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them, and the Supreme Court granted that motion. The plaintiff thereafter moved, inter alia, for leave to renew and reargue her opposition to the Liguori defendants' motion, and the court denied those branches of her motion. The plaintiff appeals.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23). Thus, in moving for summary judgment, a physician defendant must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby (see id. at 24). Once this showing has been made, the burden shifts to the plaintiff to rebut the defendant's prima facie showing with evidentiary facts or materials so as to demonstrate the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Stukas v Streiter, 83 AD3d at 30). General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat a defendant's motion for summary judgment (see Alvarez v Prospect Hosp., 68 NY2d at 325; Ahmed v New York City Health & Hosps. Corp., 84 AD3d 709, 710-711).
Here, the Liguori defendants established their prima facie entitlement to judgment as a matter of law by submitting an affirmation of their expert, who opined that Liguori did not deviate from accepted standards of care, and that his care and treatment of Morello did not proximately cause Morello's injuries (see Roye v Gelberg, 172 AD3d 1260, 1262; Lefkowitz v Kelly, 170 AD3d 1148, 1150).
In opposition, the plaintiff submitted, among other things, an affidavit of her expert, who opined, in relevant part, that Liguori departed from the standard of care when he failed to inform the plaintiff or Morello of the reason for the blood tests that he ordered on December 2, 2015, and that this departure was a proximate cause of Morello's injuries. However, the affidavit of the plaintiff's expert provided no basis to demonstrate that Morello would have complied with the request for blood tests had he known the reason why Liguori had ordered the tests. Moreover, the affidavit also ignores the medical evidence contained in the record, which demonstrates a pattern of compliance by Morello for submitting to routine blood tests. Additionally, the opinion of the plaintiff's expert that the delay in diagnosis and treatment of Morello's neurosyphilis proximately caused his injuries is also conclusory and speculative, and failed to raise a triable issue of fact. The plaintiff's other submissions also failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant the Liguori defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them.
The plaintiff's remaining contention is without merit.
DILLON, J.P., LASALLE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court