Wiater v Lewis (2021 NY Slip Op 04783)





Wiater v Lewis


2021 NY Slip Op 04783


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-11089
 (Index No. 502774/16)

[*1]Shaya Wiater, et al., appellants, 
v
Blair Lewis, etc., et al., defendants, Elliot Riegelhaupt, etc., respondent.


Victoria Wickman (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for appellants.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Steven C. Mandell of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated August 9, 2018. The order granted the motion of the defendant Elliot Riegelhaupt for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Elliot Riegelhaupt for summary judgment dismissing the complaint insofar as asserted against him is denied.
The plaintiffs commenced this action, inter alia, to recover damages for medical malpractice, alleging that the defendants' departures from good and accepted medical practice delayed the diagnosis of ulcerative colitis in the plaintiff Shaya Wiater (hereinafter the injured plaintiff), resulting in him sustaining a perforated colon and requiring a permanent ileostomy. The defendant Elliot Riegelhaupt, the injured plaintiff's primary care physician, moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted the motion, and the plaintiffs appeal.
On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries (see Roca v Perel, 51 AD3d 757, 758). In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars (see Wall v Flushing Hosp. Med. Ctr., 78 AD3d 1043, 1045). If the defendant makes such a showing, the burden then shifts to the plaintiff to raise a triable issue of fact, but only as to those elements on which the defendant met its prima facie burden of proof (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Sheppard v Brookhaven Mem. Hosp. Med. Ctr., 171 AD3d 1234, 1235; Stukas v Streiter, 83 AD3d 18, 30).
"Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519). On a motion for summary judgment, the party opposing the motion is entitled to every favorable inference that may be drawn from the pleadings and affidavits submitted by the parties (see Rosario v Our Lady of Consolation Nursing & Rehabilitation Care Ctr., 186 AD3d 1426; Nicklas v Tedlen Realty [*2]Corp., 305 AD2d 385). "Conflicting expert opinions raise credibility issues which are to be resolved by the factfinder" (Elmes v Yelon, 140 AD3d 1009, 1011).
Here, Riegelhaupt satisfied his initial burden of establishing, prima facie, that he did not depart from good and accepted medical practice and that any alleged departure did not proximately cause the injured plaintiff's injuries. Specifically, Riegelhaupt submitted his medical records for the injured plaintiff; the medical records of the defendant Blair Lewis, the injured plaintiff's treating gastroenterologist; and the affirmation of an expert, who opined that Riegelhaupt, who was aware that the injured plaintiff was under the care of Lewis, appropriately deferred to Lewis to work up and manage the injured plaintiff's gastrointestinal issue (see Savage v Quinn, 91 AD3d 748, 749-750).
However, in opposition, the plaintiffs raised triable issues of fact as to whether Riegelhaupt departed from good and accepted care and whether such alleged departures caused the injured plaintiff's injuries by submitting their expert's affirmation (see Gachette v Leak, 172 AD3d 1327, 1329-1330). Contrary to Riegelhaupt's contention, the plaintiffs' expert, who is board certified in internal medicine and gastroenterology, was qualified to give an opinion of Riegelhaupt's care of the injured plaintiff in Riegelhaupt's capacity as the injured plaintiff's primary care physician. Moreover, there are triable issues of fact as to whether Riegelhaupt assumed a duty to assist in the treatment of the injured plaintiff's gastrointestinal issue, and whether Riegelhaupt's alleged departures delayed the diagnosis of the injured plaintiff's ulcerative colitis and decreased his chances of having a better outcome. Whether a diagnostic delay affected a patient's prognosis is typically an issue that should be presented to a jury (see Neyman v Doshi Diagnostic Imaging Servs., P.C., 153 AD3d 538, 546).
Accordingly, the Supreme Court should have denied Riegelhaupt's motion for summary judgment dismissing the complaint insofar as asserted against him.
LASALLE, P.J., DILLON, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court