Maestri v Pasha (2021 NY Slip Op 05329)





Maestri v Pasha


2021 NY Slip Op 05329


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
LARA J. GENOVESI, JJ.


2018-04929
 (Index No. 31970/15)

[*1]Louise Maestri, etc., respondent,
v
Ghousia Pasha, etc., et al., defendants, Andrew Goldenberg, etc., et al., appellants.


Law Offices of Benvenuto & Slattery (Rubin Sheeley Paterniti Gonzalez Kaufman LLP, New York, NY [James W. Tuffin], of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendants Andrew Goldenberg and Yaron Langman appeal from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated April 5, 2018. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On June 2, 2013, the plaintiff's decedent (hereinafter the decedent), then 64 years old and suffering from multiple sclerosis, was admitted to the defendant Nyack Hospital (hereinafter the hospital) from a rehabilitation facility for, among other things, abdominal distention and pain. The decedent was referred by an attending physician at the hospital for evaluation by various specialists, including the defendants Yaron Langman and Andrew Goldenberg (hereinafter together the appellants), both gastroenterologists. On June 7, 2013, Langman performed a sigmoidoscopy on the decedent which had the effect of decompressing the distension. After the procedure, Langman diagnosed the decedent with a pseudo-obstruction of the bowel. Langman recommended that the decedent continue using Reglan, which had been prescribed by another gastroenterologist during this hospital stay, to mobilize the bowel. Thereafter, the decedent's abdomen re-distended. After having been seen on a daily basis by other gastroenterologists, the decedent was seen again by Langman on June 10, 2013, who made suggestions with respect to the decedent's medication. Following being seen by other gastroenterologists in the interim, Goldenberg then saw the decedent on June 13, 2013, at which time he noted that the decedent's abdomen was still distended and recommended continuing the course of treatment in place but added the utilization of an enema. On June 16, 2013, the decedent died of a retroperitoneal hemorrhage and a tear of the right internal iliac artery.
In May 2015, the plaintiff, the decedent's sister and the executor of his estate, commenced this action, inter alia, to recover damages for medical malpractice and wrongful death against the appellants and others. After the completion of discovery, the appellants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated April 5, 2018, the Supreme Court, among other things, denied their motion. This appeal ensued.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23; see Assunta v Rubin, 189 AD3d 1321, 1322-1323). "A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries" (M.C. v Huntington Hosp., 175 AD3d 578, 579; see Assunta v Rubin, 189 AD3d at 1323; Stukas v Streiter, 83 AD3d at 24). "Once this showing has been made, the burden shifts to the plaintiff to rebut the defendant's prima facie showing with evidentiary facts or materials so as to demonstrate the existence of a triable issue of fact" (Assunta v Rubin, 189 AD3d at 1323; see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Stukas v Streiter, 83 AD3d at 30).
Here, the appellants established their prima facie entitlement to judgment as a matter of law by submitting the decedent's medical records and the affidavit of their expert, board certified in internal medicine and gastroenterology, who opined that the care and treatment the appellants rendered to the decedent did not deviate from the accepted standard of medical care and that such treatment did not proximately cause the decedent's death (see Wiater v Lewis, ___ AD3d ___, ___, 2021 NY Slip Op 04783, *1 [2d Dept]; Jacob v Franklin Hosp. Med. Ctr., 188 AD3d 838, 840, affd 36 NY3d 1102).
However, in opposition, the plaintiff's expert's affidavit raised triable issues of fact as to whether the appellants departed from good and accepted care and whether such alleged departures caused the decedent's injuries and death (see Wiater v Lewis, ___ AD3d at ___, 2021 NY Slip Op 04783, at *2). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519; see Hutchinson v New York City Health & Hosps. Corp., 172 AD3d 1037, 1040; B.G. v Cabbad, 172 AD3d 686, 687). "Such credibility can only be resolved by a jury" (Feinberg v Feit, 23 AD3d at 519; see Wiater v Lewis, ___ AD3d at ___, 2021 NY Slip Op 04783, *1; Cox v Herzog, 192 AD3d 757, 759).
Contrary to the appellants' contention, the plaintiff's expert was qualified to offer an opinion despite being board certified only in internal medicine and not also in gastroenterology. "A physician need not be a specialist in a particular field to qualify as a medical expert and any alleged lack of knowledge or expertise goes to the weight and not the admissibility of the testimony" (Moon Ok Kwon v Martin, 19 AD3d 664, 664; see Fleisher v City of New York, 120 AD3d 1390, 1392). Here, the plaintiff's expert set forth a sufficient foundation for his or her opinion, based on his or her clinical experience and familiarity with the applicable standards of care (see Moon Ok Kwon v Martin, 19 AD3d at 664).
Moreover, the plaintiff did not improperly raise a new theory of liability for the first time in opposition to the appellants' motion for summary judgment (see Cox v Herzog, 192 AD3d at 759; Rich v Donnenfeld, 191 AD3d 909, 910). Rather, the allegation in the plaintiff's bill of particulars that the appellants failed to perform appropriate tests was merely expounded upon by the plaintiff's expert in opining that the appellants failed to perform certain specific tests (see Cox v Herzog, 192 AD3d at 759).
Further, the conclusions of the plaintiff's expert were not vague or conclusory, and did not fail to address the opinions of the appellants' expert (see id. at 759-760). The plaintiff's expert opined, inter alia, that the appellants negligently failed to consider a vascular etiology of the pseudo-obstructive condition causing the distension of the decedent's abdomen and failed to refer the decedent for an aortogram or other diagnostic tests related to a possible vascular cause of the condition, in a departure from the applicable standard of care (see Loccisano v Ascher, 195 AD3d 610, 613; Joyner v Middletown Med., P.C., 183 AD3d 593, 594-595; Contreras v Adeyemi, 102 AD3d 720, 722). The plaintiff's expert further opined that the failure to refer the decedent for such diagnostic tests and instead to continue to treat him in the manner which they did during his 13-day hospital stay diminished his chance of a better outcome or increased his injuries (see Wiater v Lewis, ___ AD3d at ___, 2021 NY Slip Op 04783, *2; Cox v Herzog, 192 AD3d at 759-760). "Whether [*2]a diagnostic delay affected a patient's prognosis is typically an issue that should be presented to a jury" (Wiater v Lewis, ___ AD3d at ___, 2021 NY Slip Op 04783, *2).
Accordingly, the Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them.
The appellants' contention regarding the purported failure to submit an unredacted copy of the plaintiff's expert affidavit, improperly raised for the first time on appeal, is not properly before this Court (see generally Capobianco v Marchese, 125 AD3d 914, 917; Perez v City of New York, 104 AD3d 661, 662).
AUSTIN, J.P., HINDS-RADIX, BARROS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court