Hiltz v DiLorenzo (2022 NY Slip Op 03502)





Hiltz v DiLorenzo


2022 NY Slip Op 03502


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.


2019-01021
 (Index No. 3042/16)

[*1]Annette Hiltz, etc., appellant, 
v
Randolph P. DiLorenzo, etc., et al., defendants, Navid Rahmani, etc., et al., respondents.


Sullivan Papain Block McGrath & Cannavo, P.C., Garden City, NY (Stephen C. Glasser and Christopher J. DelliCarpini of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), dated January 7, 2019. The order, insofar as appealed from, granted the motion of the defendants Navid Rahmani, North Shore University Hospital, NSLIJHS Imaging at Syosset, and Northwell Health System for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Navid Rahmani, North Shore University Hospital, NSLIJHS Imaging at Syosset, and Northwell Health System for summary judgment dismissing the amended complaint insofar as asserted against them is denied.
In December 2014, the plaintiff's decedent (hereinafter the decedent), then 61 years of age, presented to the emergency department of the defendant North Shore University Hospital (hereinafter NSUH) complaining of shortness of breath. The decedent was given a chest X ray, diagnosed with pneumonia, and discharged to his home with an antibiotic and instructions to follow up with his primary care physician. Insofar as relevant here, the nonparty physician who interpreted the decedent's December 20, 2014 chest X ray reported that the decedent's heart was "[n]ormal in size" and that his lungs demonstrated "mild bibasilar interstitial prominence."
The decedent's primary care practice referred him for a follow-up chest X ray, which was performed at the defendant NSLIJHS Imaging at Syosset (hereinafter NSLIJHS) in January 2015. The defendant Navid Rahmani, an attending radiologist at NSLIJHS, interpreted the decedent's January 2015 chest X ray and reported that, in comparison with the decedent's December 2014 chest X ray, "[t]he heart size is upper limits of normal," and "[t]he lungs are clear."
The decedent continued to suffer from a chronic cough and shortness of breath, and in May 2015, the decedent underwent a CT scan of his chest which was interpreted by Rahmani. Rahmani reported, in relevant part, that the decedent's heart was "enlarged" and that there was a "small right pleural effusion bibasilar interlobular septal thickening suggestive of mild pulmonary [*2]edema."
Later in May 2015, the decedent again experienced shortness of breath and presented to the emergency department at nonparty St. Francis Hospital, where he was subsequently admitted. After the decedent was diagnosed with cardiomyopathy, a surgical team attempted to implant a biventricular cardioverter defibrillator, but during the induction of anesthesia, the decedent developed severe hypotension and went into prolonged cardiac arrest. On May 24, 2015, with the plaintiff's consent, the hospital withdrew care, and the decedent died of systolic heart failure from dilated cardiomyopathy.
In April 2016, the plaintiff, on her own behalf as the decedent's wife and as the executor of his estate, commenced this action to recover damages for medical malpractice and wrongful death, etc., against, among others, Rahmani, NSUH, NSLIJHS, and the defendant Northwell Health System (hereinafter collectively the defendants). After the completion of discovery, the defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them. In an order dated January 7, 2019, the Supreme Court, among other things, denied their motion, and the defendants appeal.
"'In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries'" (Maestri v Pasha, 198 AD3d 632, 633-634, quoting Stukas v Streiter, 83 AD3d 18, 23; see Assunta v Rubin, 189 AD3d 1321, 1322-1323). "'A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries'" (Maestri v Pasha, 198 AD3d at 634, quoting M.C. v Huntington Hosp., 175 AD3d 578, 579; see Assunta v Rubin, 189 AD3d at 1323; Stukas v Streiter, 83 AD3d at 24). "'Once this showing has been made, the burden shifts to the plaintiff to rebut the defendant's prima facie showing with evidentiary facts or materials so as to demonstrate the existence of a triable issue of fact'" (Maestri v Pasha, 198 AD3d at 634, quoting Assunta v Rubin, 189 AD3d at 1323; see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Stukas v Streiter, 83 AD3d at 30).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against them by submitting the decedent's medical records and the affirmations of their two experts, who were board certified in radiology and interventional cardiology, respectively. The defendants' experts opined that the care and treatment the defendants rendered to the decedent did not deviate from the accepted standard of medical care and that such treatment did not proximately cause the decedent's death (see Maestri v Pasha, 198 AD3d at 634; Wiater v Lewis, 197 AD3d 782, 782-783; Jacob v Franklin Hosp. Med. Ctr., 188 AD3d 838, 840, affd 36 NY3d 1102).
However, in opposition, the plaintiff's experts' affirmations raised triable issues of fact as to whether the defendants departed from good and accepted care and whether such alleged departures proximately caused the decedent's death (see Maestri v Pasha, 198 AD3d at 634; Wiater v Lewis, 197 AD3d at 783). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519; see Hutchinson v New York City Health & Hosps. Corp., 172 AD3d 1037, 1040; B.G. v Cabbad, 172 AD3d 686, 687). "Such credibility issues can only be resolved by a jury" (Feinberg v Feit, 23 AD3d at 519; see Wiater v Lewis, 197 AD3d at 782-783; Cox v Herzog, 192 AD3d 757, 759).
Contrary to the Supreme Court's determination, the plaintiff's pulmonary expert and cardiology expert were qualified to offer their opinions despite being board certified only in their respective specialties, and not also in radiology (see Maestri v Pasha, 198 AD3d at 634). "'A physician need not be a specialist in a particular field to qualify as a medical expert and any alleged lack of knowledge . . . [or] expertise goes to the weight and not the admissibility of the testimony'" (id. at 634, quoting Moon Ok Kwon v Martin, 19 AD3d 664, 664; see Fleisher v City of New York, 120 AD3d 1390, 1392). Here, the plaintiff's experts set forth a sufficient foundation for their [*3]opinions based on, inter alia, their clinical experience (see Moon Ok Kwon v Martin, 19 AD3d at 664). Their expert opinions, along with the opinion of the plaintiff's radiology expert, raised triable issues of fact which can only be resolved by a jury. Thus, the defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them should have been denied.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court