Carmona v Sea Park E., L.P. (2022 NY Slip Op 04149)

Carmona v Sea Park E., L.P.

2022 NY Slip Op 04149

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.

2019-05148
 (Index No. 11792/15)

[*1]Ernest J. Carmona, respondent, 
v
Sea Park East, L.P., et al., appellants, et al., defendant.

McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Thomas H. Bundock of counsel), for appellants Sea Park East, L.P., and Progressive Management of NY Corp.
Kowalski & Devito (McGaw, Alventosa & Zajac, Jericho, NY [Ross P. Masler], of counsel), for appellant Madison Security Group, Inc.
Addabbo & Greenberg, P.C. (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendants Sea Park East, L.P., and Progressive Management of NY Corp. appeal, and the defendant Madison Security Group, Inc., separately appeals, from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated March 29, 2019. The order, insofar as appealed from by the defendants Sea Park East, L.P., and Progressive Management of NY Corp. denied their motion for summary judgment dismissing the complaint insofar as asserted against them. The order, insofar as appealed from by the defendant Madison Security Group, Inc., denied that branch of its motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondent payable by the appellants appearing separately and filing separate briefs.
George L. Carmona (hereinafter the decedent) was fatally shot on September 3, 2014, by the defendant Jalik Banks, on the 17th floor of an apartment building owned by the defendant Sea Park East, L.P. (hereinafter Sea Park), and managed by the defendant Progressive Management of NY Corp. (hereinafter Progressive). The defendant Madison Security Group, Inc. (hereinafter Madison), was the private security contractor hired by Sea Park and Progressive to provide security services at the subject apartment building during the relevant time period. At the time of the shooting, the decedent was either living or staying with his mother, a tenant at the subject apartment building. Banks, who lived in a different building in the same apartment building complex, and an accomplice had allegedly gained access to the subject apartment building by following (also referred to as "piggy-backing") another tenant and her two children into the main entrance vestibule, and then waiting as one of the children "buzzed"security who electronically unlocked the inner vestibule door from a remote security booth located across the street without confirming the identity of Banks and his accomplice.
In September 2015, Ernest J. Carmona, as administrator of the decedent's estate, commenced this action, inter alia, to recover damages for wrongful death. The plaintiff alleged, among other things, that Sea Park, Progressive, and Madison negligently failed to provide adequate security at the subject apartment building by, inter alia, failing to furnish the premises with proper and fully operational security equipment, failing to observe improper activity on the premises, such as "piggy-backing," and allowing the assailants to improperly gain entry to the apartment building, which resulted in the decedent's death.
After the completion of discovery, Madison moved, among other things, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and Sea Park and Progressive (hereinafter collectively with Madison, the moving defendants) separately moved for summary judgment dismissing the complaint insofar as asserted against them. In their motions, the moving defendants principally argued that, inasmuch as Banks had targeted the decedent pursuant to a preplanned scheme to lure him out of his mother's apartment to shoot him because the decedent had been threatening to kill Banks due to a past grievance, Banks's premeditated murder of the decedent was an unforeseeable, intervening cause of his death, which broke the causal nexus between the decedent's death and any alleged negligence of the moving defendants in failing to provide adequate security with regard to the entrance to the building. Madison also argued, inter alia, that, as explained by its security director for Sea Park during his deposition, there was no way to ascertain if Banks gained entry to the building by piggy-backing. Additionally, Sea Park and Progressive argued that, in any event, they provided reasonable security as the subject entrance door had a functioning lock at the time of the shooting and Banks had testified at his deposition that the tenant he followed into the building had opened the locked door with a key fob.
The plaintiff opposed the motions, contending, inter alia, that triable issues of fact existed as to the intentional and unforeseeable nature of the shooting and whether the moving defendants had taken reasonable safety precautions. The plaintiff argued that Banks gained entry to the building due to the moving defendants' negligent security measures. The plaintiff submitted, among other things, a portion of a security contract between Madison and Sea Park that addressed the protocol for dealing with the chronic problem of "piggy-backing," surveillance video camera stills depicting Banks entering the building with the tenant and her children, and that tenant's affidavit, wherein she attested that she did not possess a key fob, that she gained entry to the building by contacting the security booth, and that security unlocked the door without any communication with the security booth because the intercom system was inoperable, and had been for a long time.
By order dated March 29, 2019, the Supreme Court, inter alia, denied Sea Park's and Progressive's motion for summary judgment dismissing the complaint insofar as asserted against them and that branch of Madison's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted it. The moving defendants separately appeal.
"Landlords are subject to a common-law duty to take minimal precautions to protect tenants from foreseeable harm, including harm from the foreseeable criminal conduct of third persons" (Scurry v New York City Hous. Auth., 193 AD3d 1, 5; see Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 518-520; Vilsaint v SL Green Realty Corp., 195 AD3d 657, 658). The criminal conduct of a third person, which might otherwise be an intervening cause breaking the proximate causality between the occurrence and the injury at the premises, may nevertheless expose the landowner to liability if the criminal conduct was itself foreseeable (see Nallan v Helmsley-Spear, Inc., 50 NY2d at 520; Scurry v New York City Hous. Auth., 193 AD3d at 5-6). Liability may attach where the intervening acts were a natural and foreseeable consequence of circumstances created by a defendant, but may not attach where the intervening acts were not such a foreseeable consequence (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315; Scurry v New York City Hous. Auth., 193 AD3d at 6).
Contrary to the moving defendants' contentions, under this Department's jurisprudence, "[t]he test in determining summary judgment motions involving negligent door security should . . . not focus on whether the crime committed within the building was 'targeted' or 'random,' but whether or not, and to what extent, an alleged negligently maintained building entrance was a concurrent contributory factor in the happening of the criminal occurrence" (Scurry [*2]v New York City Hous. Auth., 193 AD3d at 10).
Here, while the precise nature and manner of Banks's crime could not necessarily have been anticipated, the alleged longstanding inoperability of the front door intercom system, involving a front door that was unlocked remotely from an off-premises security booth, along with the alleged failure of the security officers to properly screen visitors, and the chronic problem of piggy-backing, "made it foreseeable that some form of criminal conduct could occur to the detriment of one or more of the residents therein, at some point in time" (id. at 11). In examining whether there are triable issues of fact as to issues of foreseeability and proximate cause requiring a trial, "a jury could conceivably conclude" that the alleged condition of the front door security equipment that included the inoperable intercom system, along with the failure of the security officers to engage in proper screening of visitors, would result in the improper piggy-back "entry of intruders into the [subject apartment] building for the commission of criminal activities against known or unknown specific tenants" (id. at 10).
Contrary to the moving defendants' contention, the plaintiff did not improperly raise a new theory of liability regarding the inoperable entrance intercom system for the first time in opposition to their motions for summary judgment (see generally Maestri v Pasha, 198 AD3d 632).
Since the moving defendants did not make a prima facie showing of their entitlement to judgment as a matter of law, the Supreme Court properly denied Sea Park's and Progressive's motion for summary judgment dismissing the complaint insofar as asserted against them and that branch of Madison's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted it, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Vilsaint v SL Green Realty Corp., 195 AD3d at 658; Scurry v New York City Hous. Auth., 193 AD3d at 11).
Sea Park's and Progressive's remaining contention is without merit.
CONNOLLY, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court