Paglinawan v Ing-Yann Jeng (2022 NY Slip Op 06937)

Paglinawan v Ing-Yann Jeng

2022 NY Slip Op 06937

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-09401
 (Index No. 713757/17)

[*1]Merlinda Paglinawan, et al., appellants,
v
Ing-Yann Jeng, etc., respondent, et al., defendant.

The Paglinawan Firm, P.C., Forest Hills, NY (James S. Paglinawan of counsel), for appellants.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered August 2, 2019. The judgment, upon an order of the same court dated July 9, 2019, granting the motion of the defendant Ing-Yann Jeng for summary judgment dismissing the complaint insofar as asserted against him, is in favor of that defendant and against the plaintiffs dismissing the complaint insofar as asserted against that defendant. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (see CPLR 5512[a]).
ORDERED that the judgment is affirmed, with costs.
The plaintiff Merlinda Paglinawan received treatment from the defendant Ing-Yann Jeng (hereinafter the defendant), an obstetrician-gynecologist. In December 2014, the defendant referred Paglinawan for a screening mammogram. In April 2015, Paglinawan underwent a screening mammogram and ultrasound at a radiology office. According to the report from the radiologist, the results were, in part, incomplete, and a follow-up diagnostic mammogram and ultrasound were recommended. Paglinawan and the defendant discussed the results of the April 2015 radiological studies, and the defendant informed Paglinawan that he concurred with the recommendation for a follow-up diagnostic mammogram and ultrasound.
In May 2015, Paglinawan underwent a diagnostic mammogram and ultrasound. According to the report from the radiologist, the results of the mammogram were "benign," and the results of the ultrasound were "probably benign." The report further provided, "[i]ncidental bilateral probably benign findings are noted for which follow-up targeted ultrasound in 6-12 months is recommended." The report noted that a letter was sent to Paglinawan with that recommendation, and she acknowledged receiving that letter.
Paglinawan next saw the defendant in February 2016. At that visit, Paglinawan complained of symptoms, including recent breast swelling and pain. The defendant advised Paglinawan to see a breast surgeon immediately, and he provided her with referrals to three breast surgeons.
In March 2016, Paglinawan visited a breast surgeon, who treated her for a diagnosis of an infection of the breast. In June of 2016, a different breast surgeon diagnosed Paglinawan with stage two breast cancer. As a result of that diagnosis, Paglinawan underwent treatment, including a mastectomy and chemotherapy.
Paglinawan, and her husband suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice against, among others, the defendant. The plaintiffs primarily alleged that the defendant departed from the standard of care in his treatment of Paglinawan between December 2014 and February 2016. In their bill of particulars, the plaintiffs alleged that the defendant negligently failed to recommend certain tests after the May 2015 radiological studies. The defendant moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted the motion. The plaintiffs appeal.
Contrary to the plaintiffs' contention, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against him. "In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23; see Assunta v Rubin, 189 AD3d 1321, 1322-1323). "A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries" (M.C. v Huntington Hosp., 175 AD3d 578, 579; see Assunta v Rubin, 189 AD3d at 1323; Stukas v Streiter, 83 AD3d at 24). "Once this showing has been made, the burden shifts to the plaintiff to rebut the defendant's prima facie showing with evidentiary facts or materials so as to demonstrate the existence of a triable issue of fact" (Assunta v Rubin, 189 AD3d at 1323; see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Stukas v Streiter, 83 AD3d at 30). Where a medical malpractice plaintiff alleges a failure to timely diagnose a condition, the plaintiff must show that the departures from the standard of care delayed diagnosis and decreased the chances of a better outcome or increased the injury (see Maestri v Pasha, 198 AD3d 632, 635; Neyman v Doshi Diagnostic Imaging Servs., P.C., 153 AD3d 538, 546; Flaherty v Fromberg, 46 AD3d 743, 745).
In support of his motion, the defendant submitted an affirmation of an expert board-certified obstetrician-gynecologist. The expert opined that the defendant did not depart from the applicable standard of care in his treatment of Paglinawan. Specifically, the expert opined that the defendant did not depart from the standard of care in adhering to the recommendation of the radiologist who interpreted the May 2015 radiological studies and who recommended follow-up studies within 6 to 12 months. The expert further opined that the defendant did not depart from the applicable standard of care with respect to his communications with Paglinawan as to those test results. Based on this expert affirmation, the defendant established his prima facie entitlement to summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against him (see M.T. v Lim, 203 AD3d 778, 779; Dye v Okon, 203 AD3d 702, 704; Bum Yong Kim v North Shore Long Is. Jewish Health Sys., Inc., 202 AD3d 653, 655).
In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the defendant's contention, the plaintiffs properly provided an unredacted original of their expert affirmation to the Supreme Court (see Cerny v Williams, 32 AD3d 881, 886; Marano v Mercy Hosp., 241 AD2d 48, 50). However, that expert affirmation did not raise a triable issue of fact. The plaintiffs' expert opined that the defendant should have recommended certain follow-up testing within "no more than" six months of the May 2015 radiological tests. The expert based that opinion, in part, on Paglinawan's family history of colon cancer. However, the expert failed to set forth the basis for his opinion that a patient with a family history of colon cancer should be monitored for breast cancer more closely, and the expert did not specifically state that the relevant standard of care required such monitoring. Accordingly, the court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against him (see Coscia v Mosca, 203 AD3d 695, 698; Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d 863, 865; Scopelliti v Westmed Med. Group, 193 AD3d 1009, [*2]1010-1011).
The parties' remaining contentions are without merit.
BARROS, J.P., ZAYAS, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court