Lyons v Tsadyk (2024 NY Slip Op 01298)

Lyons v Tsadyk

2024 NY Slip Op 01298

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2019-11545
 (Index No. 712894/16)

[*1]Carrol Lyons, etc., appellant,
v
Joshua Tsadyk, et al., defendants, Diaspo Chiropractic & Physical Therapy, PLLC, respondents.

Law Offices of Joseph R. Bongiorno & Associates, P.C., Mineola, NY, for appellant.
Bréa Yankowitz P.C., Floral Park, NY (Patrick J. Bréa of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and chiropractic malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), dated August 23, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant Diaspo Chiropractic & Physical Therapy, PLLC, which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 21, 2013, the plaintiff's husband, Rufus E. Lyons (hereinafter the decedent), allegedly was injured in connection with a motor vehicle accident during which his car came into contact with a car owned by the defendant Ivy Tsadyk and operated by the defendant Joshua Tsadyk. Following the accident, the decedent sought treatment for his injuries from, inter alia, the defendant Diaspo Chiropractic & Physical Therapy, PLLC (hereinafter Diaspo). In late July 2014, while the decedent was receiving treatment from Diaspo, the decedent suffered a deep vein thrombosis, which required, inter alia, surgery to repair.
The decedent, and the plaintiff suing derivatively (hereinafter together the Lyonses), commenced this action against, among others, Diaspo, inter alia, to recover damages for medical malpractice and chiropractic malpractice. In the complaint, the Lyonses alleged, inter alia, that Diaspo's care and treatment of the decedent included the use of an intersegmental traction chair and that the care and treatment, and the manner in which the chair was used, deviated from accepted standards of medical and chiropractic care. Diaspo moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted that branch of Diaspo's motion. The Lyonses appealed. During the pendency of the appeal, the decedent died, and the plaintiff, as administrator of the estate of the decedent, was substituted for him.
"A defendant seeking summary judgment in a medical malpractice action must establish, prima facie, that he or she did not deviate from the accepted standard of care or that his or her acts were not a proximate cause of any injury to the plaintiff" (Tsitrin v New York Community Hosp., 154 AD3d 994, 995). "So, too, chiropractic malpractice actions require proof that the [*2]defendant chiropractor deviated or departed from the accepted community standards of chiropractic practice, and that such deviation or departure was a proximate cause of the plaintiff's injuries" (Bongiovanni v Cavagnuolo, 138 AD3d 12, 16). "[W]hen a defendant moves for summary judgment in such cases, the defendant may argue that there was no departure from good and acceptable medical practice, or that the defendant's conduct did not proximately cause the alleged injuries" (id. at 16).
Here, in support of its motion, Diaspo submitted, among other things, an affidavit sworn to by a medical doctor who was board certified in internal medicine and geriatric care. Contrary to the plaintiff's contention, Diaspo's expert was qualified to offer his opinion despite not being board certified in rehabilitative medicine (see Maestri v Pasha, 198 AD3d 632, 634). "'A physician need not be a specialist in a particular field to qualify as a medical expert and any alleged lack of knowledge . . . [or] expertise goes to the weight and not the admissibility of the testimony'" (id. quoting Moon Ok Kwon v Martin, 19 AD3d 664, 664). Here, Diaspo's expert set forth a sufficient foundation for his opinions based on, inter alia, his clinical experience (see Moon Ok Kwon v Martin, 19 AD3d at 664).
In his affidavit, Diaspo's expert opined that the treatment rendered by Diaspo, including any use of the chair, did not cause the decedent's deep vein thrombosis. Instead, Diaspo's expert opined that the deep vein thrombosis was caused by the decedent's chronic venous hypertension. Therefore, contrary to the plaintiff's contention, Diaspo established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it (see Messeroux v Maimonides Med. Ctr., 181 AD3d 583, 585; Bongiovanni v Cavagnuolo, 138 AD3d at 19).
In opposition, the Lyonses failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the affidavit of the Lyonses' expert was conclusory and speculative as to whether Diaspo's treatment of the decedent proximately caused the decedent's deep vein thrombosis (see Tsitrin v New York Community Hosp., 154 AD3d at 996-997; Hernandez v Nwaishienyi, 148 AD3d 684, 686).
Accordingly, the Supreme Court properly granted that branch of Diaspo's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
In light of our determination, we need not consider Diaspo's remaining contention.
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court