■ Thomas Motto, Respondent, v Michelle A. Beirouti, R.P.A.C., et al., Appellants, et al., Defendants. [935 NYS2d 307]—

On August 15, 2005, the plaintiff was given breakfast and, sometime thereafter, oral contrast material to drink in preparation for a CT scan. The plaintiff vomited twice that morning. The plaintiff was subsequently given lunch and dinner. At some point in the afternoon or early evening of August 15, 2005, the plaintiff's care was transferred from Popli to the defendant private attending physician Barry Gimbel. The following morning, the plaintiff experienced respiratory distress secondary to aspiration.

The plaintiff commenced this action against, among others, Beirouti, Popli, Gimbel, and Winthrop, alleging, among other things, that his aspiration was due to his being permitted to ingest food on August 15, 2005, and the failure to insert a nasogastric tube and to empty his stomach contents on that date. Beirouti and Winthrop moved, Popli separately moved, and Gimbel also separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court denied the defendants' motions.

Beirouti and Winthrop demonstrated their prima facie entitlement to judgment as a matter of law through the affirmation of an expert, who opined that the care and treatment provided to the plaintiff by Beirouti and other hospital staff was at all times rendered at the direction and under the control and supervision of the plaintiff's private attending physician, that the order to place the plaintiff on a regular diet was not contraindicated by normal medical practice, and that neither Beirouti nor other members of the hospital staff committed any independent acts of negligence (see 10 NYCRR 94.2 [f]; *Cham v St. Mary's Hosp. of Brooklyn*, 72 AD3d 1003 [2010]; *Vaccaro v St. Vincent's Med. Ctr.*, 71 AD3d 1000, 1002 [2010]). In opposition, however, the plaintiff raised a triable issue of fact. The plaintiff submitted the affirmation of an expert, who opined that, in light of the plaintiff's specific complaints upon his presentation to the emergency department, he should have remained on NPO status upon his admission to Winthrop, and that the plaintiff should have been placed on NPO status after he vomited twice on the morning of August 15, 2005. Through this affirmation and the parties' deposition testimony, the plaintiff raised triable issues of fact as to whether the order to place the plaintiff on a regular

diet was contraindicated by normal medical practice, and as to whether Beirouti committed an independent act of negligence in writing the order placing the plaintiff on a regular diet. Accordingly, the Supreme Court properly denied Beirouti and Winthrop's motion for summary judgment dismissing the complaint insofar as asserted against them.

Popli also demonstrated her prima facie entitlement to judgment as a matter of law by establishing, through an expert's affirmation, the absence of any departure from good and accepted medical practice (*see Arkin v Resnick*, 68 AD3d 692, 694 [2009]). Specifically, her expert opined that there was no medical reason for the plaintiff to be placed on NPO status on August 15, 2005, since the plaintiff had not vomited in the hospital prior to admission, the plaintiff was dehydrated and had not eaten for days, and his abdomen was soft and nontender. In opposition, however, the plaintiff raised a triable issue of fact through the opinion of his expert that the plaintiff should have remained on NPO status upon his admission to Winthrop due to his specific complaints upon presentation to the emergency department, and that he should have been placed on NPO status after he vomited on the morning of August 15, 2005, as this demonstrated his inability to tolerate solid foods. Accordingly, the Supreme Court properly denied Popli's motion for summary judgment dismissing the complaint insofar as asserted against her.

The Supreme Court erred, however, in denying Gimbel's motion for summary judgment dismissing the complaint insofar as asserted against him. Gimbel demonstrated his prima facie entitlement to judgment as a matter of law by showing through his affidavit and the deposition testimony that any departure on his part from good and accepted medical practice was not a proximate cause of the plaintiff's injuries, since he did not become responsible for the plaintiff's care until after the conduct that allegedly caused the plaintiff's injuries occurred (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, Gimbel's motion for summary judgment dismissing the complaint insofar as asserted against him should have been granted. Skelos, J.P., Balkin, Eng and Sgroi, JJ., concur.