■ LYUDMILA OSIPOVA, Respondent, v LAWRENCE SILVERBERG, Appellant. [58 NYS3d 522]—

In an action, inter alia, to recover damages for podiatric malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated November 24, 2015, as denied that branch of his motion which was for summary judgment dismissing the cause of action alleging podiatric malpractice.

Ordered that the order is affirmed insofar as appealed from, with costs.

On July 16, 2011, the plaintiff sent an email to the defendant, a podiatrist. In the email, the plaintiff, who was suffering from a bunion, stated that another doctor had recommended a surgery called an "open wedge bunion osteotomy," but that doctor no longer accepted the plaintiff's insurance. The plaintiff further stated that she performed an Internet search for information on open wedge bunion osteotomy, and came across an article written by the defendant about that surgery. The plaintiff stated in the email that she was impressed with the article, and that she wished for the defendant to perform her surgery.

The plaintiff later visited the defendant. The defendant recommended that the plaintiff undergo a surgery called an Austin bunionectomy, and that she later possibly undergo a surgery called an Akin osteotomy. On July 22, 2011, the defendant performed an Austin bunionectomy on the plaintiff's right foot. On October 21, 2011, the defendant performed an Akin osteotomy on the same foot.

The plaintiff subsequently commenced this action against the defendant, inter alia, to recover damages for podiatric malpractice. In response to item no. 5 of the defendant's demand for a verified bill of particulars, the plaintiff alleged that the defendant "performed the wrong surgery." In response to item no. 7 of the defendant's demand for a verified bill of particulars, which demanded that the plaintiff set forth each act and omission that constituted the alleged malpractice of the defendant "other than those acts and omissions which are set forth in response to items '5' and '6'," the plaintiff alleged that the defendant "failed to perform an Akin at the first surgery." At her deposition, the plaintiff testified that a prior doctor had recommended that she undergo an "open base wedge bunion surgery," and that her research on that procedure led her to the defendant's Internet website.

The defendant moved, inter alia, for summary judgment dismissing the cause of action alleging podiatric malpractice. In support, the defendant submitted an affidavit of an expert podiatrist, who stated that there were "various" surgeries to correct the plaintiff's condition, and that the defendant's decision to perform an Austin bunionectomy was appropriate. In opposition to the motion, the plaintiff submitted the affidavit of an expert podiatrist who opined that it was a deviation from the standard of care to initially perform an Austin bunionectomy on the plaintiff's right foot, and that the "indicated procedure at that time would have been an opening base wedge osteotomy or an equivalent procedure."

The Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging podiatric malpractice. In opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Contrary to the defendant's contention, the plaintiff did not improperly rely on an unpleaded cause of action with regard to her allegation that the defendant should have performed an opening base wedge osteotomy (*see Weiss v Metropolitan Suburban Bus Auth.*, 106 AD3d 727, 728 [2013]; *Valenti v Camins*, 95 AD3d 519, 522 [2012]; *cf. Sacino v Warwick Val. Cent. Sch. Dist.*, 138 AD3d 717, 719-720 [2016]). Mastro, J.P., Hall, Austin and Barros, JJ., concur.