Larcy v Kamler (2020 NY Slip Op 03652)





Larcy v Kamler


2020 NY Slip Op 03652


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-05115
 (Index No. 10436/11)

[*1]Donna Larcy, respondent,
v
Kenneth Kamler, etc., appellant et al., defendants.


Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson and Jeffrey D. Hummel of counsel), for appellant.
Frank N. Ambrosino, Smithtown, NY, for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the defendant Kenneth Kamler appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), dated March 29, 2019. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Kenneth Kamler which was for summary judgment dismissing the cause of action to recover damages for lack of informed consent insofar as asserted against him, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
"A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries" (Williams v Nanda, 177 AD3d 938, 938; see Stukas v Streiter, 83 AD3d 18, 23). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519).
Here, the defendant Kenneth Kamler (hereinafter the defendant) met his prima facie burden of demonstrating his entitlement to judgment as a matter of law dismissing the cause of action to recover damages for medical malpractice insofar as asserted against him through the affirmation of his expert, who, based on the medical records and deposition testimony, opined that the defendant's treatment of the plaintiff was within the appropriate standard of care and that, in any event, any alleged departures were not a proximate cause of the plaintiff's claimed injuries (see Stephen v City of New York, 137 AD3d 1003, 1005; Khosrova v Westermann, 109 AD3d 965, 966). However, in opposition, the plaintiff raised a triable issue of fact as to whether the defendant departed from the appropriate standard of care in his post-surgical treatment of the plaintiff's wound based, inter alia, upon the plaintiff's deposition testimony that the defendant sealed her wound with a glue-like substance. In his affirmation submitted in opposition to the motion, the plaintiff's expert opined that the defendant departed from the appropriate standard of care by failing to debride the [*2]plaintiff's wound and by sealing the wound with the glue-like substance. The plaintiff's expert opined that the resulting infection caused deterioration of the tissue surrounding the plaintiff's right index finger metacarpophalangeal joint, necessitating several subsequent surgeries and eventual amputation of the finger. Given that the plaintiff's expert's opinion hinges on the credibility of the plaintiff's and the defendant's witnesses, we agree with the Supreme Court's determination denying that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against him (see Weeks v St. Peter's Hosp., 128 AD3d 1159, 1161).
However, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for lack of informed consent insofar as asserted against him. The defendant made a prima facie showing of his entitlement to judgment as a matter of law dismissing that cause of action insofar as asserted against him through the affidavit of his expert, the deposition testimony, and the written consent form signed by the plaintiff, which demonstrated that the defendant disclosed to the plaintiff the risks, benefits, and alternatives to the procedure (see Wright v Morning Star Ambulette Servs., Inc., 170 AD3d 1249, 1251; Zapata v Buitriago, 107 AD3d 977, 979).
In opposition, the plaintiff alleged, for the first time, a new theory that the procedure performed by the defendant exceeded the scope of her consent in specific respects, a theory that was not referred to when the plaintiff's counsel questioned the defendant at his deposition. The general rule is that " [a] plaintiff cannot, for the first time in opposition to a motion for summary judgment, raise a new or materially different theory of recovery against a party from those pleaded in the complaint and the bill of particulars'" (Anonymous v Gleason, 175 AD3d 614, 617, quoting Palka v Village of Ossining, 120 AD3d 641, 643; see Hanson v Sewanhaka Cent. High Sch. Dist., 155 AD3d 702, 703; Shaw v City of New York, 139 AD3d 698, 699-700; Mezger v Wyndham Homes, Inc., 81 AD3d 795, 796). If the theory is discernable from the pleadings, it may be considered (see Schwartzberg v Huntington Hosp., 163 AD3d 736, 738; Osipova v Silverberg, 152 AD3d 614, 616; Shanoff v Golyan, 139 AD3d 932, 934-935), especially if the theory is referred to in the depositions (see Weiss v Metropolitan Suburban Bus Auth., 106 AD3d 727, 728). In this case, the assertion of the new theory was not discernable from the pleadings, nor alluded to by the plaintiff's counsel when deposing the defendant (see Valenti v Camins, 95 AD3d 519, 522). Therefore, that theory should not have been considered.
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court