Viola v South Nassau Communities Hosp. (2021 NY Slip Op 00591)





Viola v South Nassau Communities Hosp.


2021 NY Slip Op 00591


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-07276
 (Index No. 2581/16)

[*1]Maria Viola, etc., respondent,
v
South Nassau Communities Hospital, et al., appellants.


Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson and Paul A. Varriale of counsel), for appellants.
Bornstein & Emanuel, P.C. (Paul D. Creinis, Brooklyn, NY, of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered April 19, 2018. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendants, inter alia, to recover damages for medical malpractice, alleging that the plaintiff's decedent suffered extensive bleeding and pain as a result of the defendant Selene Ferguson improperly changing a Foley catheter. The defendants moved, among other things, for summary judgment dismissing the cause of action alleging medical malpractice. The Supreme Court, inter alia, denied that branch of the defendants' motion. The defendants appeal.
Contrary to the defendants' contention, in opposition to that branch of their motion which was for summary judgment dismissing the cause of action alleging medical malpractice, the plaintiff raised triable issues of fact as to whether there was a departure from accepted medical practice and as to whether such departure was a proximate cause of the plaintiff's decedent's injuries (see Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d 959, 960). The plaintiff's expert submitted an affirmation in which he opined that there was a departure in that an improper technique was used during the catheter change which caused trauma to the plaintiff's decedent's prostate and urethra, resulting in the hemorrhaging, injuries, and damages. The plaintiff's expert's affirmation conflicted with that of the defendants' expert (see Larcy v Kamler, 185 AD3d 564), and the defendants' contention that the affirmation was improperly based on only hearsay evidence is not properly before this Court (see Point Holding, LLC v Crittenden, 119 AD3d 918). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice.
DILLON, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court