Rich v Donnenfeld (2021 NY Slip Op 01078)





Rich v Donnenfeld


2021 NY Slip Op 01078


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-09692
 (Index No. 606702/16)

[*1]Sandra Rich, et al., respondents, 
v
Eric D. Donnenfeld, etc., appellant, et al., defendants.


Dorf & Nelson LLP, Rye, NY (Steven A. Lavietes and Melissa G. Andrieux of counsel), for appellant.
David Horowitz, P.C., New York, NY (David Fischman and Christopher Joslin of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Eric D. Donnenfeld appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered June 29, 2018. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Sandra Rich was treated by the defendant Eric D. Donnenfeld at the defendant Ophthalmic Consultants of Long Island between April 2015 and August 2015. In June 2015, Donnenfeld and the defendant John Pilavas performed a cataract removal surgery on Rich. Subsequently, Rich, and her husband suing derivatively, commenced this action against the defendants to recover damages for medical malpractice and lack of informed consent. Donnenfeld moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court denied the motion, and Donnenfeld appeals.
"A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries" (Larcy v Kamler, 185 AD3d 564, 564-565 [internal quotation marks omitted]). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (id. at 565 [internal quotation marks omitted]).
"The general rule is that [a] plaintiff cannot, for the first time in opposition to a motion for summary judgment, raise a new or materially different theory of recovery against a party from those pleaded in the complaint and the bill of particulars" (id. at 566 [internal quotation marks omitted]). "If the theory is discernable from the pleadings, it may be considered, especially if the theory is referred to in the depositions" (id. [citations omitted]). "The purpose of a bill of particulars is to amplify pleadings, limit proof, and prevent surprise at trial, not to provide evidentiary material" (Toth v Bloshinsky, 39 AD3d 848, 849).
Here, the Supreme Court properly denied that branch of Donnenfeld's motion which was for summary judgment dismissing the medical malpractice cause of action insofar as asserted [*2]against him. Contrary to Donnenfeld's contention, the plaintiffs did not raise new theories of liability in opposition to his motion for summary judgment (see Mahr v Perry, 74 AD3d 1030, 1031; Toth v Bloshinsky, 39 AD3d at 849). Moreover, since the parties adduced conflicting medical expert opinions, summary judgment was not appropriate (see Larcy v Kamler, 185 AD3d at 565).
"To establish a cause of action to recover damages based on lack of informed consent, a plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (Gilmore v Mihail, 174 AD3d 686, 688 [internal quotation marks omitted]). "The third element is construed to mean that the actual procedure performed for which there was no informed consent must have been a proximate cause of the injury" (id. at 688 [internal quotation marks omitted]).
Here, Donnenfeld failed to establish, prima facie, that he had informed Rich of the reasonably foreseeable risks associated with the surgery, or that a reasonably prudent patient in Rich's position would have undergone the surgery if she had been fully informed (see id.). While Donnenfeld established, prima facie, that any lack of informed consent was not a proximate cause of Rich's injuries (see id.; Tsimbler v Fell, 123 AD3d 1009, 1010-1011), the plaintiffs raised a triable issue of fact in opposition. Accordingly, the Supreme Court properly denied that branch of Donnenfeld's motion which was for summary judgment dismissing the lack of informed consent cause of action insofar as asserted against him.
Donnenfeld's remaining contention is improperly raised for the first time in his reply brief (see Berkey v Emma, 291 AD2d 517, 518).
CHAMBERS, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court