Palagye v Loulmet (2022 NY Slip Op 01303)





Palagye v Loulmet


2022 NY Slip Op 01303


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-05353
 (Index No. 23499/09)

[*1]Eugene Palagye, respondent, 
v
Didier F. Loulmet, et al., defendants, Lenox Hill Hospital, appellant.


Martin Clearwater & Bell LLP, East Meadow, NY (Gregory A. Cascino, Rosaleen T. McCrory, Samantha E. Shaw, and Nicole S. Barresi of counsel), for appellant.
Silberstein, Awad & Miklos, P.C., Garden City, NY (Veronica K. Sewnarine and Joseph Awad of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the defendant Lenox Hill Hospital appeals from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated February 21, 2019. The order, insofar as appealed from, denied that branch of the motion of the defendant Lenox Hill Hospital which was for summary judgment dismissing so much of the medical malpractice cause of action as was predicated upon its alleged delays in administering vancomycin and performing a chest CT scan.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff sustained injuries, including a methicillin-resistant staphylococcus aureus infection and a stroke, after undergoing three aortic valve replacement procedures that were performed at the defendant Lenox Hill Hospital (hereinafter the hospital) on August 9, 2006, August 22, 2006, and January 18, 2007.
In June 2009, the plaintiff commenced this action to recover damages for medical malpractice and lack of informed consent against, among others, the hospital. Following the completion of discovery, the hospital moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated February 21, 2019, the Supreme Court, inter alia, denied that branch of the hospital's motion which was for summary judgment dismissing so much of the medical malpractice cause of action as was predicated on its alleged delays in administering vancomycin and performing a chest CT scan. The hospital appeals.
On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries (see Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d 863; Wiater v Lewis, 197 AD3d 782; Pirri-Logan v Pearl, 192 AD3d 1149). In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars (see Wiater v Lewis, 197 AD3d at 783; Huichun Feng v Accord Physicians, PLLC, 194 AD3d 795; Pirri-Logan v Pearl, 192 AD3d at 1150). "'Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical [*2]expert opinions'" (Pirri-Logan v Pearl, 192 AD3d at1150, quoting Feinberg v Feit, 23 AD3d 517, 519). "'General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion'" (Pirri-Logan v Pearl, 192 AD3d at1150, quoting Meyers v Ferrara, 56 AD3d 78, 84).
Here, the hospital established its prima facie entitlement to judgment as a matter of law dismissing so much of the medical malpractice cause of action as was predicated on its alleged delays in administering vancomycin and performing a chest CT scan through the submission of an affirmation of its expert, who opined that the measures taken to investigate and treat the plaintiff's infection on August 16, 2006, were appropriate and timely rendered.
However, in opposition, the plaintiff raised a triable issue of fact as to whether the hospital deviated from good and accepted medical practice in delaying the chest CT scan and the administration of the ordered vancomycin on August 16, 2006. Contrary to the hospital's contention, the plaintiff did not raise new theories of liability in opposition to its motion for summary judgment, as the plaintiff's theories were discernable from the pleadings and the deposition testimony (see Rich v Donnenfeld, 191 AD3d 909; Larcy v Kamler, 185 AD3d 564). Furthermore, contrary to the hospital's contention, the opinion of the plaintiff's infectious disease expert was neither speculative nor conclusory (see Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d 863; Elstein v Hammer, 192 AD3d 1075; Moody v Hmoud, 192 AD3d 1007).
Accordingly, as the parties presented conflicting opinions by medical experts, the Supreme Court properly denied that branch of the hospital's motion which was for summary judgment dismissing so much of the medical malpractice cause of action as was predicated on its alleged delays in administering vancomycin and performing a chest CT scan.
CHAMBERS, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court