Zayas v Schenker (2023 NY Slip Op 03045)

Zayas v Schenker

2023 NY Slip Op 03045

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-04255
 (Index No. 719003/18)

[*1]Raul Zayas, etc., respondent, 
v
Josef Schenker, etc., et al., defendants, Mario A. Guerrero, etc., appellant.

Marshall Dennehey Warner Coleman & Goggin, P.C., Melville, NY (Michael P. Kelly of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendant Mario A. Guerrero appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered April 27, 2020. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3217(b) for leave to discontinue the action insofar as asserted against the defendant Maha Alsaedi.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On December 12, 2018, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice and wrongful death arising from the allegedly negligent medical care rendered by the several defendants to their patient, the plaintiff's decedent. All of the defendants answered the complaint, except for the defendant Maha Alsaedi. In their respective answers, the defendants Josef Schenker and Centers Urgent Care (hereinafter Urgent Care), who are jointly represented, admitted that Urgent Care employed Alsaedi as a physician assistant, and that the decedent received professional care from her and Urgent Care.
Based on the affidavit of service, Alsaedi's answer was due on or about February 20, 2019, and she did not respond to the plaintiff's follow-up letter advising her of the purported default. The plaintiff was subsequently advised by the attorneys for Schenker and Urgent Care that Alsaedi was in active military service and had relocated to another region of the country, but that she was covered under Urgent Care's malpractice insurance policy. Thereafter, the plaintiff, Schenker, and Urgent Care executed a proposed stipulation to voluntarily discontinue the action insofar as asserted against Alsaedi, but the other defendants did not execute the proposed stipulation. The plaintiff then moved, inter alia, pursuant to CPLR 3217(b) for leave to discontinue the action insofar as asserted against Alsaedi. The defendant Mario Guerrero opposed that branch of the motion. The Supreme Court, among other things, granted that branch of the motion, and Guerrero appeals.
Guerrero argues that he will be prejudiced by the discontinuance of the action insofar as asserted against Alsaedi. "While the authority of a court to grant or to deny an application made to it pursuant to CPLR 3217[b] by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted" (Tucker v Tucker, 55 NY2d 378, 383). "'Generally such motions should be granted unless the discontinuance would prejudice a substantial right of another party, circumvent an order of the court, avoid the consequences of a potentially adverse determination, or produce other improper results'" (Aurora Loan Servs., LLC v Hunte, 189 AD3d 1525, 1526, quoting [*2]Haughey v Kindschuh, 176 AD3d 785, 786 [internal quotation marks omitted]).
The gravamen of Guerrero's argument is that due to the plaintiff's failure to respond to his demands for disclosure, including for a bill of particulars and authorizations to obtain the decedent's medical records from the other defendants, he does not know what role Alsaedi played in the decedent's treatment, as distinct from Guerrero's own role, if any, thereby prejudicing his ability to defend himself against the plaintiff's claims. This argument rings hollow, however, because after serving his initial demands for discovery on May 3, 2019, with the exception of sending three follow-up letters, Guerrero did nothing to enforce his rights during the following 10 months before the plaintiff moved, inter alia, for leave to discontinue the action insofar as asserted against Alsaedi. Tellingly, Guerrero did not cross-move to compel the plaintiff to provide the outstanding disclosure. Guerrero has made no showing in this record to suggest that the information regarding the professional services that Alsaedi rendered to the decedent during the course of her employment for Urgent Care would not be contained in the records he will receive from Urgent Care, should Guerrero seek to enforce his rights to disclosure. Moreover, assuming arguendo that disclosure later reveals a potential basis for individual liability as against Alsaedi, Guerrero has not explained why he could not simply commence a third-party action against Alsaedi for contribution or common-law indemnification.
Based on the foregoing, Guerrero failed to meet his burden of establishing that special circumstances warranted the continuance of the action against Alsaedi. Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was pursuant to CPLR 3217(b)for leave to discontinue the action insofar as asserted against that defendant.
BARROS, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court