Khutoryanskaya v Laser & Microsurgery, P.C. (2023 NY Slip Op 06243)

Khutoryanskaya v Laser & Microsurgery, P.C.

2023 NY Slip Op 06243

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2020-01500
 (Index No. 521431/16)

[*1]Klara Khutoryanskaya, respondent,
v
Laser & Microsurgery, P.C., etc., et al., defendants, Brooklyn Eye Surgery Center, LLC, doing business as Brooklyn Eye Surgery Center, et al., appellants.

Wilson Elser Moskowitz Edelman & Dicker, LLP, White Plains, NY (Judy C. Selmeci and Lori Semlies of counsel), for appellant Brooklyn Eye Surgery Center, LLC, doing business as Brooklyn Eye Surgery Center.
Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success, NY (Nicholas Tam of counsel), for appellant Alexander Rabinovich.
Karasik Law Group, P.C., Brooklyn, NY (Alexander Karasik of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant Brooklyn Eye Surgery Center, LLC, doing business as Brooklyn Eye Surgery Center, appeals, and the defendant Alexander Rabinovich separately appeals, from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated January 23, 2020. The order, insofar as appealed from by the defendant Brooklyn Eye Surgery Center, LLC, doing business as Brooklyn Eye Surgery Center, denied that branch of that defendant's motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against it. The order, insofar as appealed from by the defendant Alexander Rabinovich, denied that branch of that defendant's separate motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against him.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff underwent surgery performed by the defendant Alexander Rabinovich, at a medical facility operated by the defendant Brooklyn Eye Surgery Center, LLC, doing business as Brooklyn Eye Surgery Center (hereinafter BESC). Subsequently, the plaintiff commenced this action against BESC, Rabinovich, and others, inter alia, to recover damages for medical malpractice. BESC and Rabinovich separately moved, among other things, for summary judgment dismissing that cause of action insofar as asserted against each of them. The Supreme Court denied those branches of the motions. BESC and Rabinovich appeal.
On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the [*2]plaintiff's injuries (see Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d 858, 859-860; Larcy v Kamler, 185 AD3d 564, 564-565). "On a motion for summary judgment, the party opposing the motion is entitled to every favorable inference that may be drawn from the pleadings and affidavits submitted by the parties" (Rosario v Our Lady of Consolation Nursing & Rehabilitation Care Ctr., 186 AD3d 1426, 1427; see Wiater v Lewis, 197 AD3d 782, 783). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Rich v Donnenfeld, 191 AD3d 909, 910 [internal quotation marks omitted]).
The Supreme Court properly denied that branch of BESC's motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against it. Generally speaking, a medical facility may not be held vicariously liable for the negligence of a private attending physician chosen by the patient (see Doria v Benisch, 130 AD3d 777, 777; Tomeo v Beccia, 127 AD3d 1071, 1073). Moreover, so long as the resident physicians and nurses employed by the medical facility have merely carried out that private attending physician's orders, a medical facility may not be held vicariously liable for resulting injuries (see Seiden v Sonstein, 127 AD3d 1158, 1160). These rules will not, however, shield a medical facility from liability in three situations. The first is when the private physician's order "so greatly deviates from normal [medical] practice that the [medical facility's employees] should be held liable for failing to intervene" (Bellafiore v Ricotta, 83 AD3d 632, 633). Second, a medical facility may be held liable when its employees have committed independent acts of negligence (see Tomeo v Beccia, 127 AD3d at 1073; Nasima v Dolen, 149 AD3d 759, 760). Third, a medical facility may be held liable for the negligence of a private, nonemployee physician on a theory of ostensible or apparent agency (see Sampson v Contillo, 55 AD3d 588, 590). Here, BESC established its prima facie entitlement to judgment as a matter of law by submitting proof indicating that Rabinovich was an independent contractor and not an employee of BESC and that BESC may not be held vicariously liable under a theory of apparent or ostensible agency by estoppel (see Weiszberger v KCM Therapy, 189 AD3d 1121, 1122-1123), and by demonstrating that none of its employees committed any independent act of negligence (see Doria v Benisch, 130 AD3d at 778). However, viewing the evidence in the light most favorable to the plaintiff (see Stukas v Streiter, 83 AD3d 18, 30), it was sufficient to raise a triable issue of fact as to whether BESC personnel committed an independent act that constituted a departure from accepted medical practice proximately causing the plaintiff's alleged injuries (see Seiden v Sonstein, 127 AD3d at 1160-1161; Motto v Beirouti, 90 AD3d 723, 724-725). Contrary to BESC's contention, the plaintiff did not raise a new theory of liability in opposition to its motion for summary judgment (see Alao v Richmond Univ. Med. Ctr., 213 AD3d 722, 724; Maestri v Pasha, 198 AD3d 632, 635; Rich v Donnenfeld, 191 AD3d at 910; cf. Larcy v Kamler, 185 AD3d at 566).
The Supreme Court also properly denied that branch of Rabinovich's separate motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against him. "The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist" (Schumacher v Pucciarelli, 161 AD3d 1205, 1205; see Stukas v Streiter, 83 AD3d at 23). "Thus, a motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Chimbo v Bolivar, 142 AD3d 944, 945 [internal quotation marks omitted]). Here, Rabinovich established his prima facie entitlement to judgment as a matter of law dismissing the medical malpractice cause of action insofar as asserted against him by demonstrating that there was no departure from good and accepted medical practice and that any alleged departure did not proximately cause the plaintiff's injuries (see Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d at 859-860). However, since the parties adduced conflicting medical expert opinions, summary judgment was not appropriate (see Rich v Donnenfeld, 191 AD3d at 910; Kunic v Jivotovski, 121 AD3d 1054, 1055).
BESC's and Rabinovich's remaining contentions are without merit.
IANNACCI, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court