Valerio v Chaudhry (2025 NY Slip Op 04594)

Valerio v Chaudhry

2025 NY Slip Op 04594

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2021-01687
2021-03848
 (Index No. 509847/15)

[*1]Kelvin Valerio, et al., respondents,
v
Asima Chaudhry, etc., appellant, et al., defendants.

Martin Clearwater & Bell LLP, East Meadow, NY (Gregory A. Cascino and Yuko A. Nakahara of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, etc., the defendant Asima Chaudhry appeals from (1) an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated January 11, 2021, and (2) an order of the same court dated January 21, 2021. The order dated January 11, 2021, insofar as appealed from, denied those branches of the motion of the defendant Asima Chaudhry which were for summary judgment dismissing the causes of action alleging medical malpractice and loss of consortium insofar as asserted against her. The order dated January 21, 2021, insofar as appealed from, granted that branch of the motion of the defendants Matthew A. T. Clarke and Central Medical Services of Westbrock, P.C., which was pursuant to CPLR 3217(b) to so-order a stipulation to discontinue the action insofar as asserted against them without limiting the plaintiffs' recovery to the limit of the defendant Asima Chaudhry's professional liability policy.
ORDERED that the orders are affirmed insofar as appealed from, without costs or disbursements.
The plaintiff Kevin Valerio (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action against the defendants, Asima Chaudhry, Matthew A. T. Clarke, and Central Medical Services of Westbrock, P.C. (hereinafter CMS), to recover damages for medical malpractice and lack of informed consent arising from a "Modified Brostrom Gould Procedure, right foot, repair of anterior talofibular ligament and the calcaneal fibular ligament, right foot" performed on the injured plaintiff on July 8, 2014 (hereinafter the July 2014 procedure).
The complaint, as amplified by the bills of particulars, alleged, inter alia, that Chaudhry, a podiatrist, failed to obtain the injured plaintiff's informed consent and negligently performed the July 2014 procedure, causing the injured plaintiff permanent severe personal injuries. Chaudhry moved, among other things, for summary judgment dismissing the causes of action to recover damages for medical malpractice and loss of consortium insofar as asserted against her. In an order dated January 11, 2021, the Supreme Court, inter alia, denied those branches of the motion on the ground that conflicting expert opinions submitted by Chaudhry and the plaintiffs raised triable issues of fact as to the allegations of medical malpractice. While Chaudhry's motion was pending, Clarke and CMS moved, among other things, pursuant to CPLR 3217(b) to so-order a stipulation [*2]to discontinue the action insofar as asserted against them. Chaudhry opposed the motion only to the extent of seeking to preserve her rights under CPLR article 16 and to limit the plaintiffs' recovery to the limit of her professional liability policy. In an order dated January 21, 2021, the court, inter alia, granted that branch of the motion of Clarke and CMS which was to so-order the stipulation to discontinue the action insofar as asserted against them without limiting the plaintiffs' recovery to the limit of Chaudhry's professional liability policy. Chaudhry appeals from the orders dated January 11, 2021, and January 21, 2021.
"A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries" (Rich v Donnenfeld, 191 AD3d 909, 910 [internal quotation marks omitted]; see Larcy v Kamler, 185 AD3d 564, 564-565). "Where a defendant makes a prima facie showing on both elements, the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element" (Mendoza v Maimonides Med. Ctr., 203 AD3d 715, 716 [internal quotation marks omitted]; see Stukas v Streiter, 83 AD3d 18, 25). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Gupta v Lescale, 224 AD3d 668, 669 [internal quotation marks omitted]; see Hannen v Nici, 230 AD3d 1118, 1119). "A plaintiff cannot, for the first time in opposition to a motion for summary judgment, raise a new or materially different theory of recovery against a party from those pleaded in the complaint and the bill of particulars" (Campbell v Ditmas Park Rehabilitation & Care Ctr., LLC, 225 AD3d 835, 837 [internal quotation marks omitted]; see Anonymous v Gleason, 175 AD3d 614, 617).
Here, Chaudhry established her prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged medical malpractice by submitting an expert affirmation of a board-certified podiatric surgeon (see Khutoryanskaya v Laser & Microsurgery, P.C., 222 AD3d 633, 635; Larcy v Kamler, 185 AD3d at 566). Chaudhry's expert opined that the podiatric and surgical care and treatment provided by Chaudhry to the injured plaintiff did not depart from the accepted standard of podiatric care. Chaudhry's expert further opined that the podiatric and surgical care and treatment provided by Chaudhry to the injured plaintiff was not the proximate cause of his alleged injuries. However, in opposition, the plaintiffs raised a triable issue of fact by submitting an affirmation of an expert in podiatric surgery, who opined, among other things, that Chaudhry departed from the accepted standard of podiatric and surgical care by improperly performing the July 2014 procedure and failing to take measures to prevent the injured plaintiff from developing deep vein thrombosis (hereinafter DVT) (see Lee v Westchester County Health Care Corp., 219 AD3d 1509, 1510; Walker v Jamaica Hosp. Med. Ctr., 208 AD3d 714, 716). Although the plaintiffs' theories regarding Chaudhry's failures to inspect the injured plaintiff's talar dome during the July 2014 procedure to rule out or detect loose particles in the right ankle joint and surrounding areas and to properly prevent the development of and to treat the injured plaintiff for DVT were not specifically alleged in the complaint or the bills of particulars, those theories were referenced by the plaintiffs' counsel during Chaudhry's deposition and thus, they were appropriately raised in opposition to Chaudhry's motion (see Walker v Jamaica Hosp. Med. Ctr., 208 AD3d at 717; M.T. v Lim, 203 AD3d 778, 780). Accordingly, the Supreme Court properly denied those branches of Chaudhry's motion which were for summary judgment dismissing the causes of action alleging medical malpractice and loss of consortium insofar as asserted against her (see Khutoryanskaya v Laser & Microsurgery, P.C., 222 AD3d at 635; Rich v Donnenfeld, 191 AD3d at 910).
"The determination of a motion for leave to voluntarily discontinue an action pursuant to CPLR 3217(b) rests within the sound discretion of the court" (Haughey v Kindschuh, 176 AD3d 785, 786 [internal quotation marks omitted]; see Tucker v Tucker, 55 NY2d 378, 383). "Generally such motions should be granted unless the discontinuance would prejudice a substantial right of another party, circumvent an order of the court, avoid the consequences of a potentially adverse determination, or produce other improper results" (Zayas v Schenker, 217 AD3d 738, 740 [internal quotation marks omitted]; see Jamaica Hosp. Med. Ctr., Inc. v Oxford Health Plans [NY], Inc., 58 AD3d 686, 687).
Here, Chaudhry failed to meet her burden of establishing that the discontinuance would prejudice a substantial right of hers as she was not a party to the stipulation and she did not commence any cross-claims against Clarke and CMS (see Zayas v Schenker, 217 AD3d at 740). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the motion of Clarke and CMS which was pursuant to CPLR 3217(b) to so-order the stipulation to discontinue the action insofar as asserted against them without limiting the plaintiffs' recovery to the limit of Chaudhry's professional liability policy.
DILLON, J.P., FORD, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court