Gambarian v Spivakov (2025 NY Slip Op 05064)

Gambarian v Spivakov

2025 NY Slip Op 05064

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-03973
 (Index No. 152235/22)

[*1]Lucy Gambarian, etc., et al., respondents,
v
Igor Spivakov, appellant (and a third-party action).

Ross Katz & Pachnanda PLLC, New York, NY (Alex K. Ross of counsel), for appellant.
Mestechkin Law Group, P.C., Brooklyn, NY (Oleg A. Mestechkin, Wing K. Chiu, and Oleksandr Kryvenko of counsel), for respondents.

DECISION & ORDER
In an action to vacate a judgment by confession, the defendant appeals from an order of the Supreme Court, Richmond County (Lizette Colon, J.), dated February 20, 2024. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2022, the plaintiffs commenced this action to vacate a judgment by confession filed by the defendant in July 2019. The judgment by confession was supported by an affidavit of confession of judgment allegedly executed on July 26, 2019, by Armen Gambarian in favor of the defendant. The plaintiffs alleged, among other things, that the defendant committed fraud in obtaining the affidavit. Thereafter, the defendant moved, inter alia, for summary judgment dismissing the complaint. In an order dated February 20, 2024, the Supreme Court, among other things, denied that branch of the defendant's motion. The defendant appeals.
In determining a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party (see Campos v Colon, 227 AD3d 857, 858; Khutoryanskaya v Laser & Microsurgery, P.C., 222 AD3d 633, 635). Such a motion "should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Gutkina v Max Media & Art, LLC, 227 AD3d 961, 962 [internal quotation marks omitted]; see Khutoryanskaya v Laser & Microsurgery, P.C., 222 AD3d at 635). Here, viewing the evidence in the light most favorable to the plaintiffs, the defendant's submissions contained conflicting evidence regarding material facts and raised issues of credibility and, therefore, failed to establish, prima facie, the defendant's entitlement to judgment as a matter of law dismissing the complaint (see Parker v Waichman, LLP v Getreu, 170 AD3d 874, 875; see generally Gutkina v Max Media & Art, LLC, 227 AD3d at 963; Schmitz v Pinto, 220 AD3d 681, 682).
Accordingly, since the defendant failed to establish his prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied that branch of his motion which was [*2]for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contention is without merit.
DILLON, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court