Brendel v County of Suffolk
2026 NY Slip Op 03660
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Marian Brendel, respondent,
v
County of Suffolk, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2024-10476, (Index No. 603759/15)
Angela G. Iannacci, J.P.
Linda Christopher
Carl J. Landicino
Phillip Hom, JJ.

Christopher J. Clayton, County Attorney, Hauppauge, NY (Diana T. Bishop of counsel), for appellant.
LBK Law Group, Great Neck, NY (Lauren Blyer-Kurland of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), dated August 20, 2024. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant alleging that the plaintiff sustained personal injuries in a hallway of the Suffolk County Supreme Court building located in Riverhead, when a desk that she was leaning on purportedly collapsed. The defendant moved for summary judgment dismissing the complaint. In an order dated August 20, 2024, the Supreme Court denied the defendant's motion. The defendant appeals.
"A defendant moving for summary judgment dismissing a cause of action alleging negligence may generally sustain his or her prima facie burden by negating a single essential element of that cause of action" (Brower v Staten Is. Univ. Hosp., 233 AD3d 1019, 1019; see Poon v Nisanov, 162 AD3d 804, 806). In determining a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party (see Pearson v Dix McBride, LLC, 63 AD3d 895). Such a motion "should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Gutkina v Max Media & Art, LLC, 227 AD3d 961, 962 [internal quotation marks omitted]; see Khutoryanskaya v Laser & Microsurgery, P.C., 222 AD3d 633, 635).
Here, contrary to the defendant's contention, the defendant failed to establish, prima facie, that it did not cause or create the allegedly dangerous condition or have actual or constructive notice thereof (see Steed v MVA Enters., LLC, 136 AD3d 793, 794; Jackson v Fenton, 38 AD3d 495, 496). In support of its motion, the defendant submitted, inter alia, transcripts of the deposition testimony of its employee and of two employees of the State of New York Unified Court System, which failed to eliminate all triable issues of fact as to, among other things, whether the defendant or the State had the duty to maintain the desk and when the desk was last inspected (see Arzola v Boston Props. Ltd. Partnership, 63 AD3d 655, 656).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court