Hinton v Saw Mill Club
2026 NY Slip Op 03951
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Karen Hinton, et al., respondents,
v
Saw Mill Club, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2022-04658, (Index No. 55517/18)
Angela G. Iannacci, J.P.
Linda Christopher
Carl J. Landicino
Phillip Hom, JJ.

Gordon Rees Scully Mansukhani, LLP, Harrison, NY (Donald G. Derrico and Jason C. Scott of counsel), for appellant.
Ronemus & Vilensky, LLP (Lisa M. Comeau, Garden City, NY, of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated May 24, 2022. The order granted the plaintiffs' application for leave to reargue their opposition to that branch of the defendant's motion which was for summary judgment dismissing the complaint, which had been granted in an order of the same court dated May 9, 2022, and, upon reargument, in effect, vacated so much of the order dated May 9, 2022, as granted that branch of the defendant's motion, and thereupon, denied that branch of the defendant's motion.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated May 24, 2022, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
In April 2018, the plaintiff Karen Hinton, and her husband suing derivatively, commenced this action, inter alia, to recover damages for personal injuries resulting from the defendant's alleged negligence. In November 2021, the defendant moved, among other things, for summary judgment dismissing the complaint. In an order dated May 9, 2022, the Supreme Court, inter alia, granted that branch of the defendant's motion. The plaintiffs, by their attorney, then submitted a letter to the court in which they contended that the court overlooked the affidavit of one of their experts and requested that the court reconsider the May 9, 2022 order. The defendant submitted a response letter opposing the plaintiffs' request.
In an order dated May 24, 2022, the Supreme Court granted the plaintiffs' application for leave to reargue their opposition to that branch of the defendant's motion which was for summary judgment dismissing the complaint and, upon reargument, in effect, vacated so much of the May 9, 2022 order as granted that branch of the defendant's motion, and thereupon, denied that branch of the defendant's motion. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in considering the letter application from the plaintiffs' attorney for leave to reargue (see Fried v Jacob Holding, Inc., 110 AD3d 56, 64-65). Under the circumstances presented, the defendant was not prejudiced by the lack of a formal notice of motion because it filed opposition to the plaintiffs' letter application on the merits.
The defendant's contention that the plaintiffs' expert's affidavit does not raise a triable issue of fact is improperly raised for the first time in its reply brief (see Rich v Donnenfeld, 191 AD3d 909, 911).
IANNACCI, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.

2022-04658 DECISION & ORDER ON MOTION
Karen Hinton, et al., respondents, v
Saw Mill Club, appellant.
(Index No. 55517/18)

Appeal from an order of the Supreme Court, Westchester County, dated May 24, 2022. By order to show cause dated December 5, 2022, the parties were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal on the ground that no appeal lies as of right from an order that does not result from a motion made on notice (see CPLR 5701) and leave to appeal has not been granted. By decision and order on motion of this Court dated May 5, 2023, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeal, it is
ORDERED that the motion to dismiss the appeal is denied.
IANNACCI, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court