McKay v Town of Southampton (2023 NY Slip Op 04664)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

McKay v Town of Southampton

2023 NY Slip Op 04664

Decided on September 20, 2023

Appellate Division, Second Department

Ford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.


2021-02094
(Index No. 605696/20)

[*1]Joe L. McKay, appellant, 
vTown of Southampton, respondent.

APPEAL by the plaintiff, in an action to recover damages for false imprisonment and negligence, from an order of the Supreme Court (John H. Rouse, J.), dated February 23, 2021, and entered in Suffolk County. The order granted the defendant's motion for summary judgment dismissing the complaint.

Scott Lockwood, Deer Park, NY, for appellant.
Law Offices of Cynthia A. Augello, P.C., Garden City, NY, for respondent.

FORD, J.


OPINION & ORDER
The issues raised on this appeal are (1) whether the plaintiff's confinement was privileged where he did not make an application for his release, but where the district attorney's office consented to and requested his release pursuant to CPL 180.80; and (2) whether the plaintiff retroactively consented to his own allegedly illegal detention, and thus, did not sustain an injury, upon pleading guilty and agreeing to a sentence of "time served." For the reasons set forth below, we determine that the plaintiff here maintained viable claims for false imprisonment and negligence, despite his plea and sentence, where he alleged that the defendant ignored a request from the district attorney's office for the plaintiff's release pursuant to CPL 180.80 and continued to detain him, without explanation, for an additional 2½ months. Accordingly, the Supreme Court improperly granted the defendant's motion for summary judgment dismissing the complaint, and we reverse.
I. Relevant Facts
On June 17, 2019, the plaintiff, Joe L. McKay, was arrested by officers of the Town of Southampton Police Department for felony charges and placed in the Suffolk County Correctional Facility. The plaintiff alleges that, on June 21, 2019, the Suffolk County District Attorney's Office (hereinafter the District Attorney's Office) notified his defense attorney that the matter was not being presented to a grand jury, and that the assistant district attorney handling the case (hereinafter the ADA) was consenting to the plaintiff's release pursuant to CPL 180.80. The plaintiff contends that the ADA then sent a request to the Town of Southampton Criminal Court for the plaintiff to be [*2]released. The defendant, Town of Southampton, did not respond to this request, and the plaintiff, who was unaware of the agreement for his release, remained confined, while his defense attorney and the ADA believed the plaintiff had been released.
On September 3, 2019, the plaintiff's mother called his defense attorney for an update on the criminal matter, which alerted the attorney to the fact that the plaintiff was still in custody. The plaintiff was finally released on September 5, 2019. In October 2019, the plaintiff pleaded guilty to reckless endangerment in the second degree, a misdemeanor, and was sentenced to "time served." The sentencing court did not specify the amount of time that constituted "time served" under this deal.
The plaintiff commenced this action against the defendant, alleging false imprisonment and negligence. The defendant subsequently moved for summary judgment dismissing the complaint. In opposition, the plaintiff submitted an affidavit from his defense attorney, who stated, inter alia, that it was standard procedure in Suffolk County for the District Attorney's Office to advise the court when both sides agreed to an individual's release pursuant to CPL 180.80, and for the individual to be released accordingly. In an order dated February 23, 2021, the Supreme Court granted the defendant's motion for summary judgment, finding that the plaintiff failed to make an application for release pursuant to CPL 180.80. Further, the court determined that the plaintiff did not incur damages because he agreed to a sentence of "time served" as a part of his plea of guilty to reckless endangerment in the second degree.
II. Criminal Procedure Law § 180.80
The legality of pretrial detention is governed by CPL 180.80, which states, in relevant part:
"Upon application of a defendant against whom a felony complaint has been filed with a local criminal court or the youth part of a superior court, and who, since the time of his [or her] arrest or subsequent thereto, has been held in custody pending disposition of such felony complaint, and who has been confined in such custody for a period of more than one hundred twenty hours or, in the event that a Saturday, Sunday or legal holiday occurs during such custody, one hundred forty-four hours, without either a disposition of the felony complaint or commencement of a hearing thereon, the court must release him [or her] on his [or her] own recognizance."
Put simply, CPL 180.80 "requires the release of individuals being held in pretrial detention pending action of a Grand Jury after 120 or 144 hours of custody unless, among other neutralizing circumstances, an indictment has been voted" (People v Evans, 79 NY2d 407, 409 [emphasis added]). The language of CPL 180.80 indicates that an application by the confined individual is required to effectuate his or her release (cf. People ex rel. Mulry v Franchi, 185 AD3d 600, 600). There is no dispute in this matter that the plaintiff was eligible for release pursuant to CPL 180.80 as of June 21, 2019.
III. False Imprisonment
"The action for false imprisonment is derived from the ancient common-law action of trespass and protects the personal interest [in] freedom from restraint of movement. Whenever a person unlawfully obstructs or deprives another of his [or her] freedom to choose his [or her] own location, that person will be liable for that interference" (Broughton v State of New York, 37 NY2d 451, 456).
"To prevail on a cause of action to recover damages for false arrest or imprisonment, 'the plaintiff must demonstrate that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement, that the plaintiff did not consent to the confinement[,] and that the confinement was not privileged'" (Shaw v City of New York, 139 AD3d 698, 698, quoting De Lourdes Torres v [*3]Jones, 26 NY3d 742, 759).
Here, the Supreme Court concluded, in effect, that the plaintiff's confinement was privileged because he never made an application for release pursuant to CPL 180.80. The plaintiff argues that an additional application was unnecessary, as the District Attorney's Office agreed to and requested his release.
The defendant separately contends that the plaintiff cannot maintain an action alleging false imprisonment because he retroactively consented to his continued confinement.
IV. Negligence
The elements of a cause of action alleging negligence are "'(1) the existence of a duty on the defendant's part as to the plaintiff; (2) a breach of this duty; and (3) an injury to the plaintiff as a result thereof'" (Poon v Nisanov, 162 AD3d 804, 806, quoting Stukas v Streiter, 83 AD3d 18, 23). A defendant moving for summary judgment dismissing a cause of action alleging negligence "may generally sustain his or her prima facie burden 'by negating a single essential element' of that cause of action" (Poon v Nisanov, 162 AD3d at 806, quoting Nunez v Chase Manhattan Bank, 155 AD3d 641, 643).
Here, the Supreme Court found that the plaintiff did not suffer an injury, thus negating an essential element of his negligence claim, because he pleaded guilty to reckless endangerment and agreed to a sentence of "time served." The plaintiff claims there is a triable issue of fact as to the definition of "time served" in this matter, precluding an award of summary judgment.
V. Claims Forfeited by a Plea of Guilty
While a plea of guilty constitutes an actual waiver of certain rights associated with a trial and effects a forfeiture of the right to renew many arguments made before the plea, not every claim is forfeited by a plea of guilty (see People v Taylor, 65 NY2d 1, 5). "There is no mechanical rule fixing when a claim is otherwise waived; however, since a plea usually removes the issue of factual guilt from a case, resolution of the question may be guided by determining whether the claim relates to the factual elements of the crime charged, or to some other, fundamental matter" (id. at 5). The defendant claims that the plaintiff's plea of guilty precludes him from litigating his claims for false imprisonment and negligence in this matter.
VI. Analysis
Bearing in mind that, at the procedural point at which this motion was decided, the plaintiff was entitled to the benefit of the most favorable inferences that were to be drawn from the record (see Parvi v City of Kingston, 41 NY2d 553, 554), we find that the Supreme Court erred in granting the defendant's motion for summary judgment dismissing the complaint. There are, at the very least, triable issues of fact as to the plaintiff's false imprisonment and negligence claims.
As an initial matter, the plaintiff did not waive his claims for false imprisonment and negligence by pleading guilty to reckless endangerment in the second degree. Here, the plaintiff does not argue that his initial confinement was improper—an argument that would, as noted by the defendant, be voided by the plaintiff's eventual plea of guilty (see People v Henderson, 269 AD2d 404, 404). He instead contends that the defendant illegally detained him after June 21, 2019, the date on which the District Attorney's Office agreed to and requested his release. Therefore, the plaintiff's argument does not relate to the factual elements of the crime charged, but relates to the more fundamental issue of whether the defendant improperly failed to release the plaintiff from custody when it was required to pursuant to CPL 180.80 (see generally People v Taylor, 65 NY2d at 5).
With respect to a cause of action to recover damages for false imprisonment, "the burden of establishing that the detention was privileged is on those charged with the commission of that tort" (Hollender v Trump Vil. Coop., 58 NY2d 420, 425). Here, while the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not [*4]make an individual application for release, the plaintiff raised a triable issue of fact as to whether the ADA's request to the Criminal Court constituted a joint application pursuant to CPL 180.80 (see generally Williams v City of New York, 153 AD3d 1301, 1304). Accepting the plaintiff's claim as true that it is the "standard practice in Suffolk County" that the District Attorney's Office advises the court to release a detained individual if both sides agree that the conditions for release pursuant to CPL 180.80 have been met, an additional application by the plaintiff for his own release may have been rendered unnecessary.
The defendant further failed to make a prima facie showing of its entitlement to judgment as a matter of law on the theory that the plaintiff, by pleading guilty and accepting a sentence of "time served," retroactively consented to his own confinement after June 21, 2019. The defendant cites to no statutory authority or applicable legal precedent to support its claim on this issue. The logical extension of the defendant's argument that the plaintiff's plea provided retroactive consent to his confinement is that the defendant would be permitted to detain any individual suspected of a crime, for an indefinite period of time, as long as that individual eventually agreed to plead guilty for a sentence of "time served." Such a result is clearly antithetical to the purpose of CPL 180.80, which mandates release after a certain time period if certain requirements are met (see People v Evans, 79 NY2d at 409).
Additionally, as the transcript of the plaintiff's plea proceeding did not specify the amount of "time served" under the plea deal, the defendant failed to prove that the plaintiff knowingly accepted the sentence with regard to his entire confinement or only that undisputed legal period of confinement prior to June 21, 2019. As such, the defendant failed to establish, prima facie, that the plaintiff consented to the entirety of his confinement (see Parvi v City of Kingston, 41 NY2d at 556; Willoughby v Mount Sinai Hosp., 15 AD3d 264, 264) or that the plaintiff did not suffer damages as a result of the defendant's alleged negligence (see Poon v Nisanov, 162 AD3d at 806).
The defendant's remaining contention is without merit.
Accordingly, the defendant was not entitled to summary judgment dismissing the complaint.
VII. Conclusion
The allegation that the defendant detained the plaintiff for an additional 2½ months after it was required to release him pursuant to CPL 180.80 is a very serious one. This Court notes that the defendant does not deny this allegation outright, but instead attempts to shift blame to the plaintiff for what would, if true, be its own grievous error. The law does not permit the defendant to rely upon the plaintiff's plea to avoid responsibility for its claimed misfeasance.
Accordingly, the order is reversed, on the law, and the defendant's motion for summary judgment dismissing the complaint is denied.
CONNOLLY, J.P., GENOVESI and WAN, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court