Brower v Staten Is. Univ. Hosp. (2024 NY Slip Op 06601)

Brower v Staten Is. Univ. Hosp.

2024 NY Slip Op 06601

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-10397
 (Index No. 151681/21)

[*1]Carol Brower, appellant, 
v
Staten Island University Hospital, et al., respondents.

Krentsel Guzman Herbert, LLP (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
Amabile & Erman, P.C., White Plains, NY (Nicole A. Callahan of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated December 13, 2022. The order granted the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the amended complaint is denied.
On July 2, 2021, the plaintiff, who was experiencing weakness and lethargy, was admitted to the defendant Staten Island University Hospital (hereinafter SIUH), owned by the defendant Northwell Health, Inc., for several days. The plaintiff alleged that, on July 3, 2021, while she was admitted to SIUH, an SIUH employee spilled a hot liquid on her, causing third-degree burns. The plaintiff thereafter commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the amended complaint. In an order dated December 13, 2022, the Supreme Court granted the motion. The plaintiff appeals.
"The elements of a cause of action alleging negligence are (1) the existence of a duty on the defendant's part as to the plaintiff; (2) a breach of this duty; and (3) an injury to the plaintiff as a result thereof" (McKay v Town of Southampton, 220 AD3d 59, 63 [internal quotation marks omitted]; see Poon v Nisanov, 162 AD3d 804, 806). A defendant moving for summary judgment
dismissing a cause of action alleging negligence may generally sustain his or her prima facie burden by negating a single essential element of that cause of action (see McKay v Town of Southampton, 220 AD3d at 63; Poon v Nisanov, 162 AD3d at 806).
In determining a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party (see Campos v Colon, 227 AD3d 857, 858; Khutoryanskaya v Laser & Microsurgery, P.C., 222 AD3d 633, 634-635). Such a motion "should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Gutkina v Max Media & Art, LLC, 227 AD3d 961, 962 [internal quotation marks omitted]; see Khutoryanskaya v Laser & Microsurgery, P.C., 222 AD3d at 635). Here, viewing the evidence in the light most favorable to the plaintiff, the defendants' submissions contained conflicting material facts and, therefore, failed to establish, prima facie, the [*2]defendants' entitlement to judgment as a matter of law dismissing the amended complaint (see generally Schmitz v Pinto, 220 AD3d 681, 682).
In support of their motion, the defendants submitted, inter alia, transcripts of the deposition testimony of the plaintiff and two SIUH employees who were with the plaintiff at pertinent times, an affidavit from another SIUH employee, and the plaintiff's medical records. Two of the SIUH employees testified or averred that they did not see or hear about anyone spilling hot liquid on the plaintiff during her admission, and one SIUH employee testified that he could not recall any such incident. However, the plaintiff testified that, on July 3, 2021, while she was speaking with a nurse in her room at SIUH, an unidentified female SIUH employee in white scrubs entered the room and spilled a hot liquid on her. The plaintiff further testified that the liquid came into contact with her stomach and legs, that the hot liquid resulted in blisters, and that an SIUH employee stated that the burn was bad. The plaintiff's medical records contained a "chart copy report" dated July 6, 2021, three days after the alleged incident, reflecting that "intact redness" was observed on areas of the plaintiff's body where "coffee" had been "spilled." A subsequent chart copy report dated July 14, 2021, noted: "healing burn to abdomen/upper thighs." This evidence, when viewed in the light most favorable to the plaintiff, demonstrates the existence of triable issues of fact (see Gutkina v Max Media & Art, LLC, 227 AD3d at 962-963).
The defendants' remaining contention is without merit.
Accordingly, since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied their motion for summary judgment dismissing the amended complaint, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MILLER, J.P., CHRISTOPHER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court